| | |
|---|---|
| UNITED STATES DISTRICT COURT<br>EASTERN DISTRICT OF NEW YORK | CIVIL CONFERENCE<br>MINUTE ORDER |

BEFORE:  A. KATHLEEN TOMLINSON         DATE:   7-6-2021
         U.S. MAGISTRATE JUDGE         TIME:   2:30 p.m. (25 minutes)

*Gutierrez, et al v. Davinci's Restaurant & Lounge, et al.*
**CV 20-5380 (GRB) (AKT)**

TYPE OF CONFERENCE:        **INITIAL CONFERENCE**

APPEARANCES:     Plaintiff:   Marcus Monteiro

                 Defendants:  Stephen D. Hans

                              (John/Jane Does 1-10)

FTR:  2:45 – 3:10

SCHEDULING:

       This case is set down for a Telephone Status Conference on October 6, 2021 at 10:30 a.m. to discuss the parties' readiness for mediation. Counsel are directed to utilize the Court's teleconference line at (866) 590-5055, access code 9720458.

THE FOLLOWING RULINGS WERE MADE:

1. Notwithstanding the fact that the Court issued its Initial Conference Order to counsel on June 9, 2021, the parties did not prepare a discovery plan and did not submit one to the Court as directed. Therefore, the Court entered its own preliminary discovery Order today. The Court is permitting limited discovery to proceed in order to give the parties sufficient documents which will enable them to proceed to mediation in the short term.

2. Plaintiffs' counsel shall serve his Rule 26(a) Initial Disclosures by the close of business tomorrow. Defendants' counsel has until July 14, 2021 to serve his Initial Disclosures. These dates will not be extended since this exchange was directed to occur prior to today's conference.

3. Defendants' counsel advised today that he is not sure whether his client is contesting the fact that the company meets the $500,000 minimum annual gross revenues threshold to come within the definition of an "employer" under the FLSA. By July 21, 2021, the parties shall file a Stipulation confirming that the defendants are not contesting this status or, in the alternative, defendants' counsel will file a letter stating that his clients are contesting this element.

4. Counsel shall confer to discuss whether a Stipulation and Order of Confidentiality will be needed during the discovery phase of this case. If so, I am directing the parties to work on

      a proposed document that can be forwarded to me after execution by the parties to be reviewed and "so ordered." That Order will then become part of the Court record. The proposed stipulation is to be filed on ECF by August 25, 2021. Counsel are reminded that the Stipulation and Order of Confidentiality must include the Court as one of the parties who may review confidential materials and must also annex and agreement to be bound.

5. The parties shall serve their respective requests solely for documents by August 10, 2021. Opposing counsel's responses to the respective requests must be made by September 23, 2021.

6. By September 6, 2021, counsel are required to meet-and-confer and to provide the Court with a briefing schedule for plaintiffs' anticipated motion for collective action certification

7. In accordance with Local Rule 37.3, the parties are obligated to meet and confer in good and faith to resolve any outstanding discovery disputes. If the parties cannot resolve the dispute among themselves the parties should seek judicial intervention by filing an appropriate letter motion as expeditiously as possible. <u>Any motion seeking Court intervention in a discovery dispute must contain a certification that the parties have complied with Local Rule 37.3 and an explanation of how they have done so. Failure to comply with the certification requirement will result in the motion being returned to the moving party.</u> Counsel are hereby on notice that unless they advise the Court that they have had an actual conversation with each other in an attempt to resolve the discovery dispute at issue, the motion papers will be returned to them until such time as they can certify that they have had such a working conversation (<u>***not***</u> merely an exchange of e-mails or letters).

      If an attorney has objections to opposing counsel's response to a document demand or interrogatory and/or is seeking to compel responses to a specific document demand or interrogatory, counsel, after complying with Local Civil Rule 37.3, must also comply with Local Civil Rule 37.1 which directs how this information is to be presented to the Court. <u>Discovery motions brought under Rule 37.1 are exempt from the three-page limitation on discovery motions so that the movant can comply with Rule 37.1.</u>

8. Under existing Second Circuit case law, any amendments or modifications to this Order must be approved in advance by the Court. Therefore, the parties are not free to grant each other extensions of any deadline set forth in this Order. Nor is any party free to ignore a deadline and not bring that information to the attention of the Court in a timely manner. **All requests for extensions or modifications of any deadlines stated in these Orders must be made by letter motion to the Court at least 48 hours in advance of the expiration of the deadline, unless otherwise directed by the Court.** The parties are directed to my Individual Practice Rules for further information.

                                                  **SO ORDERED.**

                                                  /s/ A. Kathleen Tomlinson
                                                  A. KATHLEEN TOMLINSON
                                                  U.S. Magistrate Judge