UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------X
JOSE GUITERREZ, JUAN MONTENEGRO, NOEL
BAQUEDANO, WILLIAN RODRIGUEZ, ANGEL
RODRIGUEZ and HAROLD VENTURA, on behalf of
Themselves and other similarly situated,

          Case No.  20-cv-5380
          (GRB)(AKT)

      Plaintiff,

 -vs-

          **DECLARATION**
          **IN SUPPORT**

DAVINCI'S RESTAURANT & LOUNGE, CHRISTINA
A. 1/n/a, CHRISTINA 1/n/u, JOSE BONILLA, and
JOHN/JANE DOES 1-10, as individuals

      Defendants.
-------------------------------------------------------------------------X

## DECLARATION IN SUPPORT OF MOTION TO BE RELIEVED AS COUNSEL OF RECORD FOR DEFENDANTS CHRISTINA BOUZALAS IN THIS ACTION

  STEPHEN D. HANS, under penalty of perjury and pursuant to 28 U.S.C. § 1746, declares as follows:

1. I am an attorney for the Defendants CHRISTINA A. 1/n/a, CHRISTINA 1/n/u, JOSE BONILLA., (hereinafter "Defendants") in the above-captioned action.  I submit this Declaration in support of my Motion pursuant to Local Civil Rule 1.4, to withdraw as counsel of record for said Defendants.

2. This is a lawsuit that contains several claims of unpaid wages: overtime and other statutory violations.  My law firm was retained by all Defendants.  This action was commenced on November 30, 2020.

3. The Court set a discovery schedule at the initial conference on July 6, 2021. My clients are the former owners of DaVinci Restaurant as well as the present owner.

4. When I met with the Defendants, they all agreed that liability up to August 2019 would be the responsibility of Christina Bouzlas the owner up until that time and the new owner of the restaurant would be responsible for any amount due after that date.

5. At the outset, I have found Mr. Montiero to be a cordial, professional and very capable attorney. By September, it became clear that we had not replied to the Discovery Demands. Thankfully, Mr. Montiero graciously agreed to extend the period of compliance and the Court set new dates for compliance by the Defendant.

6. It is important to note Mr. Montiero did notify me, that he intended to pursue a class action, which was his right under the prevailing law and the numerosity factor.

7. In September 2021, I explained the foregoing facts to Ms. Christian Bouzlas. This obviously changed the dynamic of my representation since a class action could now encompass employees that worked for Ms. Bouzlas when she owned the restaurant and the sharing liability between the current owner and Ms. Bouzlas became complex.

8. In an effort to complete the discovery, I drafted Responses to the Notice to Admit. When Ms. Bouzlas reviewed my draft of the Responses, she called me, and stated that I have *done nothing in her case and there is a conflict with my representation.* Essentially, she lost confidence in my representation of her.

Mr. Bonilla was employed by the Defendant when she owned the restaurant. Furthermore, her conversation with me included her yelling and talking to me in a demeaning manner. There is no question the lawyer client relationship has deteriorated to an irretrievable place, and I cannot continue to represent her and Mr. Bonilla.

9. The posture of this case is that Discovery is still open and must be completed. I believe the Plaintiff's counsel is seeking a class certification. I am not asserting any lien whatsoever.

10. I am unable to continue representation of Ms. Bouzlas and Mr. Bonilla because of a possible conflict and additionally due to Ms. Bouzlas's accusations and statements to me last week

      /s/ Stephen Hans
Stephen D. Hans (SH-0798)
30-30 Northern Boulevard, Suite 401
Long Island City, New York 11101
Tel: 718.275.6700
Fax: 718.275.6704