UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
JOSE GUTIERREZ, et al.,

                              Plaintiffs,                  **ORDER**
                                                                                        20-CV-5380 (GRB) (ARL)

      -against-

DAVINCI'S RESTAURANT & LOUNGE, et al.,

                              Defendants.
-------------------------------------------------------------------X

**LINDSAY, Magistrate Judge:**

      Before the Court is the motion of Stephen D. Hans & Associates, P.C seeking to withdraw as counsel for the defendant Christina Bouzalas ("Bouzalas"). For the reasons set forth below, the motion is denied with leave to renew.

## BACKGROUND

      The plaintiffs, Jose Gutierrez, Juan Montenegro, Noel Baquedano, Willian Rodriguez, Angel Rodriguez and Harold Ventura, commenced this action under the Fair Labor Standards Act ("FLSA") on November 1, 2020, alleging that the defendants failed to pay them overtime or spread of hours pay. On December 9, 2020, the plaintiffs filed an amended complaint and, on January 19, 2021, the plaintiffs filed a second amended complaint. Ten days later, on January 29, 2021, Stephen Hans ("Hans") filed an answer on behalf of the defendants Da Vinci's Restaurant, Christina A. l/n/u (Bouzalas), George l/n/u, Jose Bonilla ("Bonilla"), and John/Jane Does 1-10. Hans then appeared on behalf of all defendants at a conference held before Magistrate Judge Tomlinson in July.

      On October 20, 2021, Hans filed a letter with the Court, which he docketed as a motion to withdraw, indicating that he could no longer represent Bouzalas, Bonilla or George because Bouzalas accused Hans of a conflict of interest when he was preparing discovery responses. The

application was silent with respect to the corporate defendant. On October 22, 2021, Magistrate Judge Wicks issued an order denying the motion with leave to renew finding that the motion failed to comply with Rule 1.4 of the Local Rules of the United States District Courts for the Southern and Eastern Districts of New York.

On October 26, 2021, Hans filed the instant renewed motion further explaining that a conflict in representation occurred after he advised Bouzalas that the plaintiffs wished to pursue a collective action. Specifically, he says that Bouzalas lost confidence in his representation. Hans further explains that Bonilla, who is employed by Bouzalas, heard Hans and Bouzalas fighting so Hans can no longer represent Bonilla. However, the notice of motion only references Bouzalas and is silent as to the other defendants. In addition, the renewed application, once again, fails to address the corporate defendant. Nonetheless, upon receipt of the renewed application, Magistrate Judge Wicks scheduled a hearing and directed the defendants Bouzalas, Bonilla, and George l/n/u to show cause as to why Hans should not be relieved as counsel. That hearing was canceled after this matter was reassigned to the undersigned.

## DISCUSSION

Rule 1.4 provides that:

> An attorney who has appeared as attorney of record for a party may be relieved or displaced only by order of the court and may not withdraw from a case without leave of the court granted by the order. Such an order may be granted only upon a showing by affidavit of satisfactory reasons for withdrawal or displacement and the posture of the case, including its position, if any, on the calendar and whether or not the attorney is asserting a retaining or charging lien.

*See* Local Civil Rule 1.4 of the Local Civil Rules of the United States District Courts for the Southern and Eastern Districts of New York. "In deciding whether to grant a motion to withdraw under Local Rule 1.4, courts consider two factors: 'the reasons for withdrawal, and the impact of the withdrawal on the timing of the proceeding.'" *City Merch. Inc. v. Tian Tian*

*Trading Inc.*, No. 1:19-CV-09649-MKV, 2021 WL 119075, at *4 (S.D.N.Y. Jan. 13, 2021) (citing *Marciano v. DCH Auto Grp.*, No. 11-CV-9635 (KMK), 2016 WL 11703590, at *1 (S.D.N.Y. Feb. 2, 2016)).  Several courts have found that serious disagreements over litigation strategy and a breakdown in communication between attorney and client are grounds sufficient for withdrawal." *Id.*  Nonetheless, Da Vinci's Restaurant is a professional corporation that can only appear by counsel.  *See Rowland v. California Men's Colony*, 506 U.S. 194, 202-03, 113 S. Ct. 716, 121 L. Ed. 2d 656 (1993) ("It has been the law for the better part of two centuries . . . that a corporation may appear in the federal courts only through licensed counsel); *Iannaccone v. Law*, 142 F.3d 553, 558 (2d Cir. 1995) (corporation can only appear by counsel).  Accordingly, should Hans application be granted, to avoid dismissal, it is incumbent upon Da Vinci's Restaurant to retain counsel.  Since it is unclear from the submission if Bouzalas, who the Court presumes is Da Vinci's Restaurant's principal, was advised that the restaurant cannot proceed *pro se*, the application is denied with leave to renew on notice to Da Vinci's Restaurant that it must retain counsel.  In addition, according to the affidavit of service filed by Hans, the renewed motion was only served on plaintiffs' counsel and Bouzalas.  It does not appear that Bonilla or George were served.  Accordingly, Hans is directed to serve a copy of this Order on all of his clients and to file proof of service with the Court.  Should Hans file a renewed motion, the motion should address all of the issues raised in this order and be served on all of the defendant who may wish to weigh-in on the motion in writing.

Dated: Central Islip, New York
       November 2, 2021

SO ORDERED:

_____/s_____
ARLENE R. LINDSAY
United States Magistrate Judge