

ATTORNEYS AT LAW

Main Office:
91. N. Franklin Street
Suite 108
Hempstead, New York 11550
Tel.: 516/280.4600
Fax: 516/280.4600
MFLawNY.com

Marcus Monteiro
516/280.4600 ext. 301
mmonteiro@mflawny.com

June 14, 2022

**VIA ECF**

The Honorable Judge Arelene R.Lindsay
United States Magistrate Judge
Eastern District of New York
814 Federal Plaza
Central Islip, New York 11722

      RE:    *Gutierrez et al. v. Davinici's Restaurant et al.*
                 Civ. No.: 20-05380

Dear Judge Lindsay:

      I represent Plaintiffs in this wage/overtime case. I write this letter under Your Individual Rule 2.A.(1) and Rule 37 to strike the Answer of Defendants Davinci Restaurant ("Davinci") and its owners Christina Bouzalas, George Bouzalas and Jose Bonilla for failing to comply with their discovery obligations as required by this Court.

      This case was first filed on November 5, 2020 (Dkt. No. 1). Defendants Answered on January 29, 2021 (Dkt. 10). Plaintiffs served request for admissions, notices to produce documents, and interrogatories to Defendants on February 4, 2021. Plaintiffs emailed a Discovery Plan Worksheet as required, but Defendants' counsel never responded to it, preventing Plaintiffs from filing it.

      The initial conference was held on July 6, 2021. Therein, Judge Kathleen Tomlinson was advised that Plaintiffs served their discovery demands months ago, but Defendants counsel had not yet responded and had not yet served their demands. Worse, the Court was advised that Defendants' counsel ignored Plaintiffs' proposed Discovery Plan Worksheet. The Court advised Defendants' counsel to "get on the ball" and to start participating in all discovery obligations and Ordered the following: "Defendants were Ordered to serve Initial Disclosures by July 14, 2021; consent to the $500,000 FLSA threshold; stipulate as to the discovery of any matters it deems confidential and sign the confidentiality stipulation on the Court's website; meet and confer by September 6th as to whether there are any objections to collective action certifications; respond to all demands by September 23, 2021." (Dkt. 13, ¶ 5).

      Having still not received any discovery whatsoever from Defendants, Plaintiffs reserved their demands and regularly followed up for responses by phone and email, which are all largely ignored. On September 27, 2021 I wrote: "Please allow this letter to serve as notice of Defendants' Default and of a request for a meet and confer regarding Defendants outstanding discovery … [Defendants] have defaulted on all their obligations under the Court Orders and under the Fed. R. Civ. P. [Ordered at the July 6th conference.]" That letter was ignored. I wrote another letter on October 4, 2021, stating again: "Please allow this letter to serve as notice of Defendants' Default and of a request for a meet and

confer regarding Defendants outstanding discovery. I wrote a letter on September 27, 2021 that was ignored." That letter produced the following October 6, 2021 letter from Defendants' counsel:

> I was out sick a few weeks in August  A significant trial was scheduled live at the SD in September. I was unable and had this file to the side expecting to get to it. I apologize.
>
> I am sending some documents now.   I am prepared to put a full time priority on this because you deserve that respect and Tomlinson is not going to give me a second chance. If we can discuss the discovery, I want to get it to you in days – not weeks. I would hope we can go to meditation on this. **I dropped the ball on this one and will admit such to the Judge**. I am hoping you will work with me and I will definitely make this a priority and genuinely try and settle this. I fully realize there is money owed to your clients. ***

On October 6, 2021, Defendants' counsel emailed Plaintiffs 17 documents regarding the transfer of Davinci from his clients to current owner "Javed Ali" – nothing more. Also, discovery responses were never provided.  On October 8, 2021, Defendants' counsel provided Plaintiffs with their Initial Disclosures – months after they were due. On October 19, 2021, Defendants counsel wrote the following: "My main secretary is still in the hospital. I have one person working in this from 9 to 5 every day.   About 60% completed and I hope before the end of the week to have it to you."  Rather than provide responses and documents, on the very next day (October 20, 2021) Defendants' counsel moved to withdraw as attorneys – which was denied.  The motion was resubmitted and a hearing set for November 3, 2021 but the motion was denied again. During this period, Defendants failed to respond to repeated phone calls and emails from Plaintiffs' counsel regarding their discovery defaults.

Due to the unfortunate passing of Magistrate Judge Tomlinson, this case was reassigned to Your Honor. On November 19, 2021, Your Honor Ordered an FLSA Initial Discovery and Mediation Order ("FLSA Order") (Dkt. No. 17).  While Plaintiffs complied with that Order, Defendants again failed to comply with a single directive. Around December 2019, I was advised that Mr. Stephen C. Dachtera ("Incoming Counsel") would be replacing Mr. Steven Hans as attorneys for Davinci's during its current ownership period (after 2019 – owned by Javed Ali).  However, Incoming Counsel was awaiting his admission to the EDNY. On December 20, 2021, I wrote to both Mr. Hans and Incomign Counsel that: "There have been many delays in this case since inception.   At this point I must insist that all response be timely provided and all Court Orders strictly adhered to."

Mr. Hans emailed Incoming Counsel and me on December 20, 2021: "I cannot represent the co-defendant any further because of the obvious reasons and the potential conflict.  I would ask you to obtain an answer within the next day as to your admittance to the court for this matter. If you cannot see a path to expeditious admittance and substitution on this matter, I will write to the Judge and inform him of this dilemma."

On December 22, 2021, Da Vinci's finally responded to Plaintiffs' Discovery and Inspection and Defendants Christina Bouzalas, George Bouzalas and Jose Bonilla provided their response to Plaintiffs' Request for Admissions. However, Defendants Christina Bouzalas, George Bouzalas and Jose Bonilla never provided any responses to Plaintiffs' Discovery and Inspection and no interrogatory responses were provided.  Also on December 22, 2021, I was told by Mr. Hans that he expected to be admitted "in a few weeks" and will formulate a "plan for the case."  On January 27, 2022 I wrote to Mr. Hans: "Did you file the pro hac yet?  Waiting for general EDNY admission is going to take a bit longer and its important that your on this case as your clients remain in limbo" to which he replied "Had already applied for full admission, they sent an indication that admission will be done by certificate almost immediately."

On February 7, 2022 I was informed that Mr. Hans: "will be sending you a change of attorney for Mrs. Bouzelas, George and Jose as our office has been duly admitted. Please send back as soon as you receive that." Accordingly, I wrote to Mr. Hans and Incoming Counsel that "Mr. Dachtera was admitted to EDNY so he'll finally be able to appear in this case. I'm around tomorrow if you two are available." I received a consent to change attorney form signed by Mr. Hans (outgoing) and Incoming Counsel that Incoming Counsel would be counsel for all Defendants on February 16, 2022 – but that consent was never filed with this Court. Due to the confusion regarding Defendants' representation and lack of discovery compliance, on February 22, 2022, I wrote to the Court seeking an extension of time to finish discovery to allow Defendants to figure out what was going on and to get their ship in order.

On March 1, 2022, this Court Ordered that all fact discovery be concluded by June 15, 2022. I filed the Amended Complaint on March 1, 2022, naming Mr. Javed Ali as a Defendants (the current owner of Davinci's) and reserved discovery demands (again). On March 23, 2022, Defendants served Discovery and Inspection, which Plaintiffs timely responded to. On March 31, 2022, Defendants Answered the Amended Complaint, but never filed that Answer. Recognizing that fast approaching Discovery end dates, I wrote: "We have to [discovery] done by June 15th as Final, Final by Court. So I propose June 10th, June 13, 14 and 15th [for the depositions]." I again wrote to Defendants on May 25, 2022:

> We need to exchange discovery responses ASAP. The Court Ordered responses due on 5/15 FINAL, FINAL. I agreed to an extension a week ago based on your representation that Defendants would respond by "early" next week. It is now 5/25 and I don't have the responses, nor a date when you are going to provide same, and we have no dates for depositions, which must be completed by 6/15 – a date I repeatedly stated I would not consent to extend. Please provide the responses by tonight. Otherwise, I will be forced to serve my responses and object to any responses provided by Defendants. I can no longer accept any delays on this case. Call me with questions. ***

Defendants responded that they are "working with the client … [but] would like to avoid a motion or rushing this …" Defendants offered no firm dates for discovery compliance prompting this response from Plaintiffs: "I initially serve demands on February 4, 2021 – almost a year and a half ago. I believe your client blew deadline after deadline here and is now rushing at the last minute for something they have done some time ago." On May 27, 2022, Defendants wrote: "Will be sending you some admissions, interrogatories and some documents that we just got. Will put it together in the next few hours so you have something. Should be mostly complete."

Despite Incoming Counsel being responsive to my calls and emails these past few months, Defendants still have not served interrogatory responses, have not provided basis discovery documents and refuse to schedule depositions. Indeed, Defendants have contended that discovery is on the way for years. Worse, Defendants never filed a proper Substitution of Counsel under Rule § 502.23. As such, there is some confusion about Defendants attorneys of record. The above conduct warrants striking Defendants Christina Bouzalas, George Bouzalas and Jose Bonilla Answer or preclude them from testifying at trial. I thank the Court for hearing this dispute.

        Very truly yours,

        /s/
        Marcus Monteiro