*STEPHEN C. DACHTERA ESQ.*

*ATTORNEY AT LAW*

*101-05 LEFFERTS BOULEVARD*

*RICHMOND HILL, N.Y*

*718-849-7272*

June 15,  2022
Via ECF
Magistrate Arelene Lindsay
United States District Court
Eastern District
225 Cadman Plaza East
 Brooklyn, New York 11201

    Case No:  20:Cv:5380
    Caption: Gutierrez v. Davinci et al.


  Dear Magistrate Lindsay


   This letter is in response to plaintiff's motion letter pursuant to Rule 37 to strike the

answer of defendants Christina Bouzalas, George Bouzelas and Jose Bonilla. The above

named firm  represents the defendants Javed Ali and ABC Corp. D/b/a Davini

Restaurant and Lounge who were named for the first time in plaintiff's  third amended

complaint. However my office has in effect been intimately involved in the matter in

regards to the defendants Christina Bouzalas, George Bouzelas and Jose Bonilla as

explained herein.   This Court issued an Order on November 2, 2021 denying Mr. Hans

motion to be relieved with leave to renew upon proper service of all the proper parties.

To this point no motion was filed by Mr. Hans to be officially relieved nor any

application to be relieved. May this letter be prefaced also with the fact that the

defendants outgoing counsel Mr. Hans has previously promised  to my office back in

February 2022  to  refile their motion to be relieved or request explicit permission from this Court to do so. Our office has reached out several times over the preceding months to his office to effectuate this process. My office does acknowledge that this should have been brought to this Court's attention earlier than this letter and ask this Court some leniency for this omission.

 I sent to Mr. Hans  on March 7, 2022  a consent to change attorneys to Mr. Hans office for defendants Christina Bouzalas, George Bouzalas and Jose Bonilla. This was done to assist in facilitating the change and reminding Mr. Hans to make the application to the Court. Mr. Hans returned the consent but did not make a further application or contact my office. My office informed plaintiff's counsel of the consent to change. It should also be brought to this Court attention as this letter explains herein that in the preceding months conversations between plaintiff's counsel , defendants outgoing counsel Mr.. Hans and my office has occurred and has been one in which we have discussed this matter a  number of times. The discussions were done in good faith with each parties counsel's goal of transitioning this case to my office and moving the case along.

 The Plaintiff's letter pursuant to Rule 37 (a)  requests  the extreme relief of striking the defendants Christina Bouzalas, George Bouzelas and Jose Bonilla answer. At this point in the proceeding it is especially extreme  when taken in the context of the unique circumstances of this case. It is requested that this Court considers the efficacy of a lesser remedy, the prior compliance by defendants with this Court's order on November 19, 2021, the lack of willfulness and more the prior inability of the defendants to fully provide the requested discovery to plaintiff which was exacerbated by issues with their outgoing counsel . In addition that this court consider that the defendants only request herein a brief one month extension to complete discovery.  It is also requested that this Court consider the short period of time that my office has been on involved with this case and those defendants.

The defendant Christina Bouzalas had approached my office on or about December 9, 2021 in regards to representing her and her partners George Bouzalas, Jose Bonilla and Davinci Restaurant in the action. She had expressed a persistent frustration with her counsel Stephen Hans. She was unable to effectively communicate her concerns or questions regarding the case to Mr. Hans and had fundamental disagreements as to the defenses that should be asserted on her and her partners behalf. She had conveyed to him that there were certain records that she had regarding the plaintiff but they were stored in another location which she needed time to retrieve and locate. While sympathizing with her it was also conveyed to her that at that time our office was not yet admitted to this district. My office told her that we would have to apply for admission but that it might take several months for that process to be completed. She wanted to wait and then retain our office.

My office immediately reached out to Stephen Hans and plaintiff's counsel to apprise them of the situation. Plaintiff's counsel was pleased that another attorney would be taking over and was willing to wait for my admission. Mr. Hans had stated to my office that his prior motion to withdraw was procedurally defective and agreed to redo the motion.

While submitting the application and waiting for admission my office had some preliminary discussions about the case with both counsels in order to assist with facilitating a future settlement or moving the case along after admission. Every time there was conversation I was clear that my admission was still pending and that in the event admission was delayed each parties counsel needed to have an alternate plan. All discussions with plaintiff's counsel were productive and responsive. Mr. Monteiro even before my admission had still not taken place sent my office by email on January 21, 2022 copies of responses to interrogatories by plaintiffs. The parties were trying to facilitate a smooth transition. In addition at that time I spoke to the defendant Mrs.

Bouzalas and let her know that Mr. Hans was still the attorney of record and that any exchange of information would be still be between her and Mr. Hans until my admission was official and Hans was permitted to withdraw or requested withdrawal. I also informed her that plaintiff's counsel had reached out to me about the case several times in the hopes of a future settlement and his inability to move the case with Mr. Hans.

 On January 28, 2022 I was given the honor of admission to this Court . I subsequently informed Mr. Hans and Mr. Monteiro of the admission and Mrs. Bouzalas. My understanding  from prior discussions with Mr Hans was that Mr. Hans had either made another motion to withdraw, was still going to do so or that Mr. Hans would request Court permission to withdraw. On February 10, 2022 Plaintiff's counsel sent an email to me and Mr. Hans requesting a phone conference in regards to submitting to this Court a Join status letter. The Joint Status Letter was to have the following contents as per this Court's Order  : " On or before February 22, 2022, counsel must file a joint status report that notifies the Court: (1) whether the parties have reached an agreement to settle the case and will be submitting that agreement to the Court for review and approval; or (2) if they were unable to settle the matter on their own, whether they choose to participate in a formal mediation before an EDNY mediator or a private mediator. All parties must participate in mediation if they have been unable to settle the case on their own. If the parties choose to use a private mediator, they must also provide a specific date for the mediation." I responded that I would be available but the three way discussion did not occur as Mr. Hans was not available at the times requested by plaintiff's counsel. I requested of plaintiff's counsel since he was going to submit it , that he should include in the joint status letter disclosure of information to the Court  of the situation that Mr. .Hans had still not resubmitted the motion or request permission to withdraw. In addition to include in the letter  that my office wanted to be officially substituted as counsel  with Court permission.  Plaintiff's counsel did not include that in his letter.

Plaintiff served my office on March 28, 2022 with  additional document demands and revised requests for interrogatories. I do not know if or when Mr. Hans were served with such requests.  The defendants Christina Bouzalas, George Bouzalas and Jose Bonilla to my knowledge were preparing to compile the requests and on May 25, 2022  I informed the plaintiff's counsel of the need for some additional time to comply. Our office submitted some additional time sheets to plaintiff on May 27, 2022 that were given to our office and responses to amended notices to admit. When the objection was made as to disclosure of tax returns Mr. Monteiro requested that that objection be waived and in return we requested additional time to complete discovery and for a waiver of alleged untimely objections.  It was agreed that the returns for the years 2017, 2018, 2019 would be disclosed in that proposed agreement.

  On or about June 1, 2022 I informed Mr. Monteiro that it was not realistic or reasonable for my office to try to complete all depositions by June 15 with the number of witnesses that were going to be deposed and the fact that that most of the plaintiffs would be needing an interpreter. I also requested more time to facilitate and complete the defendants discovery requests.  I suggested a month extension to July 31, 2022 for the depositions and a new short final date to be agreed upon by the parties for the remaining discovery.

On or about June 2, 2022 Mr. Monteiro informed me that he could longer discuss anything further in regards to extensions as Mr. Hans was still the attorney of record. At that time I contacted Mr. Hans office shortly thereafter to apprise him of the situation and that he still did not get withdrawal permission. He agreed to assist in any way he could.  It is requested that this Court officially substitute my office for Stephen Hans for defendants Christina Bouzalas, George Bouzalas and Jose Bonilla.

  It is requested that plaintiff's relief be initially denied and that those defendants

Christina Bouzalas, George Bouzelas and Jose Bonilla be granted  a final date of July

15, 2022 to complete and submit any remaining discovery or document requests and that

all depositions of all party or non- party witnesses  be completed by July 31, 2022 . I

thank the Court for opportunity to present this matter and bring such to this Court'

attention on this case.


Stephen C. Dachtera Esq.
Attorneys for Defendants Javed Ali
and ABC Corp.
Incoming Counsel for Defendants
Christina Bouzalas, George
Bouzelas and Jose Bonilla
101-05 Lefferts Boulevard
Richmond Hill, N. Y 11419
718-849-7272