*STEPHEN C. DACHTERA ESQ.*

*ATTORNEY AT LAW*

*101-05 LEFFERTS BOULEVARD*

*RICHMOND HILL, N.Y*

*718-849-7272*

July 7, 2022
Via ECF
Magistrate Arelene Lindsay
United States District Court
Eastern District
225 Cadman Plaza East
Brooklyn, New York 11201

Case No: 20:Cv:5380
Caption: Gutierrez v. Davinci et al.

Dear Magistrate Lindsay

This letter is in response to plaintiff's motion letter pursuant to Rule 37 for attorney's fees. The defendants object to plaintiff's application in that such fees are excessive and some fees requested by plaintiff's counsel are not applicable to this Court's Order dated Jun 27, 2022. The plaintiff's counsel states that he expended 11.5 attorney hours on his Rule 37 motion letter to this Court. This amount of hours spent on a three page letter motion, which was not a memoranda of law, is not only patently unreasonable it borders on the absurd based on the purported experience of plaintiff's counsel and his request for a $450 hourly rate. The amount of hours it should have reasonably taken counsel to complete this task is substantially less. While this Court found defendants conduct subject to sanctions it is also not an opportunity for plaintiff's counsel to gouge the defendants.  As support for defendants position, this Court should take notice of its

Order decision in Howard v. Nassau County, et al. 06-cv- 03835 in which this Court awarded sanctions for defendants letter application seeking an order compelling discovery demands pursuant to Rule 37. The letter in that case not substantially different from the one produced by plaintiff here produced a sanction by this Court of **$200.00**. This is contrast to plaintiff's counsel request of $5,175.00 for his letter motion.

Counsel then attaches an invoice summary purportedly referencing the number of hours spent on each task leading up to the final product. Counsel's Rule 37 motion letter to this Court consisted of three pages of a discovery summary, referencing specific emails between the parties regarding discovery schedules proposed by the Court and allegedly agreed to by the parties. Plaintiff's counsel while asking for a hourly rate of $450 based on extensive experience in FLSA wage litigation is billing the defendants for 6.1 hours of work on June 10, and June 13, 2022 to compose, edit, and draft the aforementioned Rule 37 letter.

Note that this letter was not a Memoranda of Law, there were no citations to any case law or analysis of case law in the letter. An attorney of plaintiff's counsel purported experience as he specifically notes to this Court would not reasonably need over 6 hours to write, draft, edit, complete and file this short three page letter. This Court should also note that those hours were separate and apart from the preparation time counsel allegedly had to spend on gathering the information to include in the letter which counsel billed separately for on June 6, 7, 8, 9, 2022. It is defendants contention that a reasonable time to write, edit and draft such a letter including the preparation time should have reasonably taken plaintiff's counsel at most two hours or less of his time.

In regards to plaintiff's billing for work in preparation for his letter he claims to have expended 3.5 hours from work done on June 9, 2022 reviewing emails pertaining to this letter motion. This is case is barely two years old and not every email that was

exchanged by the parties is relevant to plaintiff's allegations of discovery untimeliness. There is also not a voluminous number or complexity of discovery orders or defendants responses for plaintiff's counsel to review

Plaintiff's counsel also makes the argument to this Court that it should award plaintiff 25.5 hours of billing incidentally related to plaintiff's letter but not directly spent on such letter. This Court's order specifically awarded fees for plaintiff's time in making the application and constructing the letter not all the work plaintiff has done up to this part in regards to requesting discovery from defendants, nor discussions plaintiff has had regarding such requests or "connected to such letter". If this Court were to accept the plaintiff's proposition it would essentially be awarding the plaintiffs attorney fees for a substantial part of what plaintiff's counsel might have has done so far in this case and in effect be a premature award without a judgment of liability against the defendants.

In the <u>Howard</u> case as mentioned hereto this Court did not include ancillary work that led to the making of the letter or was connected to such letter in awarding sanctions, neither should this Court do so in this case. The plaintiff's award should be based on a reasonable time spent of for such work on said Rule 37 letter which defendants contend should be at most $900.00 based on plaintiff's counsel stated experience in these matters.

_____

Stephen C. Dachtera Esq.
Attorneys for Defendants Javed Ali
and ABC Corp.
Incoming Counsel for Defendants
Christina Bouzalas, George
Bouzelas and Jose Bonilla
101-05 Lefferts Boulevard
Richmond Hill, N. Y 11419
718-849-7272