UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
JOSE GUTIERREZ, JUAN MONTENEGRO, NOEL
BAQUEDANO, WILLIAN RODRIGUEZ, ANGEL
RODRIGUEZ and HAROLD VENTURA on behalf of
themselves and others similarly situated,

                          Plaintiffs,                    **ORDER**
                                                                    CV 20-5380 (GRB) (ARL)

     -against-

DAVINCI'S RESTAURANT & LOUNGE, CHRISTINA
BOUZALAS, GEORGE BOUZALAS, JOSE BONILLA,
JAVED ALI and ABC CORP   d/b/a Davinci's Restaurant
& Lounge,

                          Defendants.
-------------------------------------------------------------------X

**LINDSAY, Magistrate Judge:**

Before the Court is the plaintiffs' motion for attorneys' fees.  For the reasons set forth below, the plaintiffs are granted an award of attorneys' fees in the amount of $5,175 jointly and severally against counsel for the defendants, Stephen D. Hans ("Hans") and Stephen Dachtera ("Dachtera").

## BACKGROUND

The plaintiffs, Jose Gutierrez, Juan Montenegro, Noel Baquedano, Willian Rodriguez, Angel Rodriguez and Harold Ventura, commenced this action on November 5, 2020, alleging, among other things, that the defendants, Davinci's Restaurant & Lounge ("Davinci's"), Christina Bouzalas, George Bouzalas and Jose Bonilla (the "Davinci's defendants"), failed to pay them overtime.  ECF No. 1.  On December 4, 2021, plaintiffs served discovery demands for documents and interrogatories.  In January 2021, after the plaintiffs had filed two amended

complaints, *see* ECF Nos. 5, 9, counsel for the Davinci's defendants, Hans, filed an answer on his client's behalf. ECF No. 10. On June 9, 2021, Magistrate Judge Tomlinson scheduled an initial conference. According to plaintiffs' counsel, upon receipt, he prepared a proposed discovery plan but his plan was ignored by the defendants. At the initial conference held on July 6,2021, Judge Tomlinson, after noting that a discovery plan had not been submitted, directed the parties to serve their initial disclosures by July 14, 2021. She also directed the defendants to serve their discovery responses by September 23, 2021. ECF No. 13.

Given the Court's direction, counsel for the plaintiffs served the defendants with a copy of demands that he had prematurely served prior to the initial conference. In contrast, the defendants failed to serve the plaintiffs with any discovery demands. Hans also ignored several requests from plaintiffs' counsel to meet and confer. In fact, it was not until early October that Hans finally responded to a letter from plaintiffs' counsel indicating that he had been unable to work on the case due to other commitments. In the same letter, Hans indicated that he was sending counsel documents responsive to the requests and promised to make the case a priority.

Despite his promises, the defendants never responded to the outstanding discovery requests. Instead, on October 6, 2021, the Davinci's defendants emailed the plaintiffs 17 documents regarding the transfer of Davinci's to its current owner Javed Ali. On October 8, 2021, long after the deadline set by Judge Tomlinson, the Davinci's defendants served the plaintiffs with their initial disclosures. Two weeks later on October 19, 2921, Hans contacted plaintiffs' counsel and assured him that 60% of his work on the case was completed and he hoped to serve the defendants' response before the end of the week. However, the very next day, he moved to withdraw as counsel and no discovery responses were provided.

Counsel's letter motion to withdraw, filed on October 20, 2021, indicated that he could no longer represent Christina Bouzalas, George Bouzalas or Jose Bonilla because Christina Bouzalas accused Hans of a conflict of interest. The application was silent with respect to the corporate defendant. On October 22, 2021, Magistrate Judge Wicks issued an order denying the motion with leave to renew finding that the motion was deficient in that it failed to comply with Rule 1.4 of the Local Rules of the United States District Courts for the Southern and Eastern Districts of New York. Accordingly, Hans remained attorney of record for the defendants.

On October 26, 2021, Hans renewed his application further explaining that "a conflict in representation" had occurred after he advised Christina Bouzalas that the plaintiffs wished to pursue a collective action. By that point, the case had been reassigned to the undersigned. In his renewed application, Hans indicated that Christina Bouzalas lost confidence in his representation. He further advised that Jose Bonilla, who is employed by Christina Bouzalas, heard he and Christina fighting so he could no longer represent Jose Bonilla. However, the notice of motion Hans filed only referenced his desire to withdraw with respect to Christina Bouzalas and was silent with respect to the other defendants. In fact, the renewed application, once again, failed to mention his representation of the corporate defendant. Since it was unclear from the submission if Christina Bouzalas, who the Court presumed was Davinci's principal, was advised that the restaurant could not proceed *pro se*, the application was denied with leave to renew on notice to Davinci's that it must retain counsel. Hans never renewed his motion.

On November 19, 2021, this Court directed that the parties provide a joint status report by February 22, 2022, on the progress of discovery. ECF No.17. In the period that followed, defense counsel provided discovery responses for some defendants and not others and no

3

interrogatory responses were provided.   In December 2021, plaintiffs' counsel wrote to Hans as well as Dachtera, who had contacted him months earlier, complaining about the delays in responding to discovery demands.   To this end, plaintiffs' counsel had been previously advised by Dachtera that he would be replacing Hans as attorneys for the Davinci's defendants to the extent they were being sued for events occurring after 2019 when Davinci's was purchased by Javed Ali.   On December 22, 2021, plaintiff's counsel was informed that the representation issue was being resolved and "a plan for the case" would be worked out.   In February 2022, plaintiffs' counsel was then informed that Hans was going to be preparing a change of attorney for Christina Bouzalas, George Bouzalas and Jose Bonilla.   In fact, shortly thereafter, plaintiffs' counsel received a consent to change attorney form signed by Hans and Dachtera, but the form was never filed with the Court.   Nor is it clear it the clients signed the consent.   On February 7, 2022, although plaintiffs' counsel was advised that a substitution of counsel was executed, no substitution was ever filed with the Court leaving the question of representation in limbo.   On February 22, 2022, the date the joint status report was due, plaintiffs' counsel reported to the Court that he had been unable to reach Hans, who was still counsel of record, and could not file a joint report as required. ECF No. 18.   Plaintiffs' counsel reported that around this time period, defense counsel failed to respond to repeated phone calls and emails regarding their discovery defaults.   In addition, the plaintiffs contend that while they complied with the undersigned's new FLSA Initial Discovery and Mediation Order which had been entered on November 19, 2021, the defendants failed to comply with a single directive.

Between March 2022 and June 2022, discovery continued and plaintiffs' counsel attempted to schedule depositions.   Receiving no response, and with the discovery deadline

4

approaching, plaintiff's counsel notified defense counsel that he would have to seek court intervention. Counsel for the defendants responded, "[we are] working with the client . . . [but] would like to avoid rushing this . . . ." They offered no firm dates for the completion of discovery. In fact, by the time plaintiff's counsel submitted a motion to strike the defendants' answer, Dachtera had filed a notice of appearance but only on behalf of Javed Ali and ABC Corp. The defendants did not respond to the outstanding requests nor did counsel file a substitution of counsel with respect to the Davinci's defendants.

On June 27, 2022, the undersigned held a conference during which the Court denied the motion to strike the answer but awarded the plaintiffs attorney's fees incurred in connection with the application of June 14, 2022. On July 1, 2022, the plaintiffs filed support for the award of attorneys' fees. ECF No. 29.

## DISCUSSION

As indicated above, on June 27, 2022, the Court awarded the plaintiffs attorney's fees incurred in connection with their application of June 14, 2022. Where a party is entitled to fees, the district court calculates the "presumptively reasonable fee" by the "lodestar" method, which entails determining the "number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Hensley v. Eckerhart*, 461 U.S. 424, 433, 103 S. Ct. 1933, 76 L. Ed. 2d 40 (1983); *see also Millea v. Metro-North Railroad Co.*, 658 F.3d 154, 166 (2d Cir. 2011) ("Both this Court and the Supreme Court have held that the lodestar – the product of a reasonable hourly rate and the reasonable number of hours required by the case – creates a 'presumptively reasonable fee.'") (quoting *Arbor Hill Concerned Citizens Neighborhood Ass'n v. County of Albany*, 522 F.3d 182, 183 (2d Cir. 2008) and citing *Perdue v. Kenny A. ex rel. Winn,* 559 U.S.

542, 130 S. Ct. 1662, 176 L. Ed 2d. 494 (2010).  Fee awards should "generally be documented by contemporaneously created time records that specify, for each attorney, the date, the hours expended, and the nature of the work done." *Kirsch v. Fleet Street, Ltd.*, 148 F.3d 149, 173 (2d Cir. 1998); *see also Toussie v. County of Suffolk*, No. 01-CV-6716, 2012 U.S. Dist. LEXIS 127143, 2012 WL 3860760, at *5 (E.D.N.Y. Sept. 6, 2010) ("The party seeking attorney's fees 'bears the burden of establishing entitlement to an award,' and '[t]he applicant should exercise billing judgment' with respect to hours worked and should maintain billing time records in a manner that will enable a reviewing court to identify distinct claims").

In this case, the plaintiffs are seeking $16,650.00 in attorneys' fees.  However, this amount includes the time plaintiffs' counsel expended "chasing discovery."  Although plaintiffs' counsel has unquestionably spent a great deal of effort to secure discovery, for the reasons set forth on the record, this Court has determined to award the plaintiffs the cost of seeking judicial intervention to secure a response from defense counsel.  To this end, plaintiffs' counsel is seeking $5,175.00.  This amount includes fees requested for work performed by Marcus Monteiro.  According to his time records, he spent 11.5 hours working on the motion. "In calculating the number of reasonable hours, the court looks to its own familiarity with the case . . . its experience generally as well as to the evidentiary submissions and arguments of the parties." *Clark v. Frank*, 960 F.2d 1146, 1153 (2d Cir. 1992) (internal quotation marks and citation omitted).  Here, the undersigned finds the time expended to be reasonable especially given the history of the case.

6

The undersigned also finds that the reasonable rate for Mr. Monteiro is $450. Under the forum rule, the Court is guided by the hourly rates normally employed by lawyers with comparable skill, experience and reputation in this district. *Moore v. Diversified Collection Servs., Inc.*, No. 07-CV-397, 2013 WL 1622949, at *2 (E.D.N.Y. Mar. 19, 2013), *report and recommendation adopted by*, 2013 WL 1622713 (E.D.N.Y. Apr. 15, 2013); *Mary Jo C. v. Dinapoli*, No. 09-CV-5635, 2014 WL 7334863, at *4 (E.D.N.Y. Dec. 18, 2014). Courts have approved the following hourly rates for attorneys practicing in the Eastern District of New York: $300 to $450 for partners in law firms, $200 to $325 for senior associates, and $100 to $200 for junior associates. *See Castcapa Constr., LLC v. TMB Servs., L.L.C*, No. 17-CV-1023 (NGG) (SJB), 2018 U.S. Dist. LEXIS 14833, 2018 WL 623546 (E.D.N.Y. Jan. 30, 2018); *Thomas v. City of New York*, No. 14 CV 7513, 2017 U.S. Dist. LEXIS 199235, 2017 WL 6033532, at *5 (E.D.N.Y. Dec. 1, 2017) ("An hourly rate of $450 remains within the range of rates found reasonable for partners with twenty or more years of experience in this District."). Thus, the Court awards attorneys' fees in the amount of $5,175.00 jointly and severally against Hans and Dachtera.

Hans and Dachtera are directed to pay the award on or before August 19, 2022. They are also reminded that they remain counsel of record for the defendants and have been directed to participate in a mediation to be completed by September 9, 2022.

Dated: Central Islip, New York  **SO ORDERED**
       July 25, 2022

                                                                               /s/
                                            ARLENE ROSARIO LINDSAY