UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF NEW YORK          EDNY Docket /File No. 20-cv-5380

-------------------------------------------------------------------------------------------------------------X

JOSE GUTIERREZ, JUAN MONTENEGRO, NOEL BAQUEDANO,

WILLIAM RODRIQUEZ, ANGEL RODRIGUEZ and HAROLD VENTURA,

On behalf of themselves and other similarly situated,

                    Plaintiffs

                                        ANSWER

    -against-


DAVINCI'S RESTAURANT & LOUNGE, CHRISTINA  BOUZELAS, GEORGE
BOUZELAS, JOSE BONILLA, JAVED ALI and ABC CORP. d/b/a DAVINCI'S
RESTAURANT & LOUNGE

                    Defendants

-------------------------------------------------------------------------------------------------------------X

          Defendants JAVED ALI and ABC CORP. d/b/a DAVINCI'S REATURANT &

LOUNGE  herein by and through their attorney Stephen C. Dachtera Esq. as and for its answer

and affirmative defenses to the Third Amended Complaint as follows:


          AS and For Defendants Answer to allegations contained in Nature of the Action:


1. Defendants deny the allegations contained in paragraphs 1-2,

    AS and For Defendants Answer to allegations contained in Jurisdiction and Venue:

2. Defendants deny the allegations contained in paragraphs 3

3.  AS and For Defendants Answer to allegations contained in Parties:

4. Defendants do not have sufficient information to form a belief as to the allegations contained in paragraphs 5-10

AS and For Defendants Answer to allegations contained in Defendants

5. Defendants deny the allegations contained in paragraphs 12 as to the hours of operation stated, paragraphs 13-19 as to the allegations that defendants are employers within the meaning of 29 U.S.C 203(d),

6. Defendants deny the all the allegations in paragraphs 20,22,23,27.

AS and For Defendants Answer to allegations contained in FLSA Collective Action:

7. Defendants deny the allegations contained in paragraphs 28-31.

AS and For Defendants Answer to allegations contained in Class Action Allegations:

8. Defendants deny the allegations contained in paragraphs 32-38, Defendants state that the allegations contained in paragraph 39 are alleged conclusions of law to which no responsive pleading  is required.

AS and For Defendants Answer to allegations contained in Statement of Facts:

9. Defendants deny the allegations contained in paragraphs 49, 51-81.

AS and For Defendants Answer to allegations contained in First Claim of Relief:

10. Defendants deny the allegations contained in paragraphs 82-85,

11. AS and For Defendants Answer to allegations contained in Second Claim of Relief:

12. Defendants deny the allegations contained in paragraphs 87-92.

AS and For Defendants Answer to allegations contained in Third Claim of Relief:

13. Defendants deny the allegations contained in paragraphs 93-95.

14. AS and For Defendants Answer to allegations contained in Fourth Claim of Relief

15. Defendants deny the allegations contained in paragraphs 96-99.

AS and For Defendants Answer to allegations contained in Fifth Claim of Relief:

16. Defendants deny the allegations contained in paragraphs 100-102

   AS and For Defendants Answer to allegations contained in Sixth Claim of Relief:

17. Defendants deny the allegations contained in paragraphs 103-104, 106-107, Defendants

   state that paragraph 105 contains a legal conclusion to which a responsive pleading is not

   required.

   AS and For Defendants Answer to allegations contained in Seventh Claim of Relief:

18. Defendants deny the allegations contained in paragraphs 108, Defendant cannot form a

   belief as to the allegations contained in paragraph 109 and 110 as it requires more

   specificity by plaintiff but defendants deny the allegations contained therein that

   defendant failed to pay plaintiffs properly.

19. Defendants state that paragraphs 111-112 contains legal conclusions to which a

   responsive pleading is not required.

20. Defendant cannot form a belief as to the allegations contained in paragraph 113-115  as

   it requires more specificity by plaintiff as to the time periods alleged to have been paid

   by W-2 but defendants deny the allegations contained therein that defendant failed to pay

   plaintiffs properly or as to what was required of defendants.

21. Defendants deny the allegations contained in paragraphs 116-117

   AS and For Defendants Answer to allegations contained in Eighth Claim of Relief:

22. Defendants deny the allegations contained in paragraphs 118, 126-133, 135,136, 137,

   138,

23. Defendants state that paragraphs  119- 123, 134 contains legal conclusion to which a

   responsive pleading is not required.

24. Defendant cannot form a belief as to the allegations contained in paragraph 124-125 as it requires more specificity by plaintiff as to which specific gratuities were provided to patrons and for what time periods and for which employees.

   AS and For Defendants Answer to allegations contained in Ninth Claim of Relief:

25. Defendants deny the allegations contained in paragraphs 139, 141-151

26. Defendants state that paragraph 140 contains a legal conclusion to which a responsive pleading is not required.

27. The Defendants assert the following affirmative defenses and other defenses without assuming any burden of production or proof that they would not otherwise have. The Defendants further assert that, to the extent that the Plaintiffs claims as alleged are vague or unclear so as to render it difficult or impossible to identify and assert every possible affirmative defense or defense, the Defendants hereby expressly reserve their rights to assert additional defenses should further proceedings in this action, including the progress of any discovery, reveal that such additional defenses would be applicable and appropriate.

   AS AND FOR A FIRST AFFIRMATIVE DEFENSE:  Equitable Offset

28. The defendants have paid the defendants pay for the work performed and the hours worked by plaintiffs and as such any recovery or damages obtained by the plaintiffs shall be offset by the compensation already paid to plaintiffs.

   AS AND FOR A SECOND AFFIRMATIVE DEFENSE: Defendants are exempt from FLSA requirements in that they are not a  covered enterprise pursuant to 29 USC 203 (S)(1)(a) and 29 USC 207

29. The defendants are engaged in the restaurant business of providing food to local consumers and supplied by local intrastate suppliers. The defendants are not an enterprise engaged in the production of goods for interstate commerce  interstate commerce as per the FLSA

AS AND FOR A THIRD AFFIRMATIVE DEFENSE: Plaintiffs are not entitled to individual coverage under 29 USC

30. The plaintiffs are not employees who are engaged in the movement or production of goods for interstate commerce. The plaintiffs were food service employees for a local restaurant business conducted by defendants where there was no movement of goods between states by the work of the plaintiffs.

AS AND FOR FOURTH AFFIRMATIVE DEFENSE: Plaintiffs failed to take advantage of defendant's policies regarding wage and pay time sheets whereas plaintiffs failed to object to time sheets signed by plaintiffs for work hours completed during the period of employment.

31. The plaintiffs were given time sheets for each of work week and plaintiff was required to approve such time sheets and plaintiff's failure to object to said pay and time reflected on such time sheets , plaintiffs are estopped from obtaining damages for any alleged underpayment.

32. Plaintiffs failed to object to any time sheets.

AS AND FOR FIFTH AFFIRMATIVE DEFENSE: Defendants alleged violations of the FLSA or NY Labor Law were not willful

33. The defendants alleged failure to pay wages or overtime was not willful and plaintiffs actions therein with respect to plaintiffs were taken in good faith with reasonable belief that such conduct comported with applicable federal and state law.

34. AS AND FOR SIXTH AFFIRMATIVE DEFENSE: Compliance with NY Labor Law 195

35. The defendants are not liable for any violation of Labor Law 195and alleged FLSA claims in that they  made complete and timely payment of all wages due to the employee(s) who did not receive proper notice; and the defendants reasonably believed in good faith that it was not required to comply and defendants acted in good faith with the belief that is was not violating the law.

36. AS AND FOR SEVENTH AFFIRMATIVE DEFENSE: Plaintiffs were paid the required wages for the time employed by defendants

37. The defendants properly paid the plaintiffs all the wages earned through employment or work done for defendants at the rate required by federal and state law.

38. AS AND FOR EIGHTH AFFIRMATIVE DEFENSE: Plaintiffs improperly pled or willfully omitted the actual amount of hours or wages received from the alleged employment with defendants.

39. Plaintiffs Jose Gutierrez, Juan Montenegro, alleged that they worked 66 hours a week respectively from July 2019 to July 2020 and August 2019 to July 2020 however such work hours were not available for the plaintiffs to work for defendants from March 2020 to June 2020 as defendants restaurant was closed for indoor dining and operated on takeout only orders. Plaintiffs also misstated its weekly hours as plaintiff did not work 66 hours for every week for the period as stated in the complaint.

40. Noel Baquedano and Will Rodriguez alleged that they worked 66 hours a week respectively from October 2019 to July 2020 and from January 2020 to July 2020 however such work hours were not available for the plaintiffs to work for defendants from March 2020 to June 2020 as defendants restaurant was closed for indoor dining and operated on takeout only orders. Plaintiffs Noel and Will also misstated its weekly hours as plaintiff did not work 66 hours for every week for the period as stated in the complaint.

41. Harold Ventura alleged that he worked 66 hours a week respectively from January 2019 to June 2020 however such work hours were not available for the plaintiffs to work for defendants from March 2020 to June 2020 as defendants restaurant was closed for indoor dining and operated on takeout only orders. Plaintiff Harold Ventura also misstated its weekly hours as plaintiff did not work 66 hours for every week for the period as stated in the complaint. In addition the plaintiffs worked for other employers during the relevant period that precluded the amount of hours they claimed they worked for the defendant.

42. AS AND FOR NINTH AFFIRMATIVE DEFENSE: One or more plaintiffs were exempt from FLSA and NYLL wage and overtime payments.

43. Plaintiff Harold Ventura was employed by defendants as a cook, to which he had a creative position or professional position as defined by 29 U.S.C 541.(202), .(300), .(302)

    AS AND FOR TENTH AFFIRMATIVE DEFENSE: Failure to state a cause of action pursuant to 26 S. 7434.

44. The plaintiffs fail to state a cause of action for fraudulent filing of tax returns.

45. Plaintiffs complaint fails to state that defendant issued plaintiffs tax documents which improperly stated the wages paid to plaintiffs or improperly stated the amount of deductions in comparison to what defendants filed with the IRS.

46. Plaintiffs were not issued any tax documents as to wages as they were paid only in cash.

AS AND FOR ELEVENTH AFFIRMATIVE DEFENSE: Failure to state a cause of action for Improper retention of tips.

47. The plaintiffs fail to state a cause of action for improper retention of tips in their complaint.

48. Plaintiff's complaint does not state that any of the plaintiffs who were primary positions were dishwashers or cooks were entitled to receive tips as part of their job duties and therefore there is no sufficient facts stated to sustain the cause of action.

AS AND FOR A TWELVE AFFIRMATIVE DEFENSE: Failure to state a claim for relief for unlawful retaliation.

49. Plaintiffs fail to state a cause of action for retaliation in that the complaint fails to specify how plaintiff's alleged acts were the proximate cause of damages to the plaintiffs or specifically what damages plaintiff sustained.

50. Plaintiffs also fail state a cause of action in regards to plaintiffs, JOSE GUTIERREZ, JUAN MONTENEGRO, NOEL BAQUEDANO, WILLIAM RODRIQUEZ, and ANGEL RODRIGUEZ

51. Such action must fail as to those plaintiffs as the complaint does not allege any specific acts of retaliation towards those plaintiffs from defendant.

Dated: September 16, 2022                    x _____

Richmond Hill, N.Y 11419                     Stephen C. Dachtera Esq

                                             Attorney for Defendant

                                             101-05 Lefferts Boulevard

                                             Richmond Hill, N.Y 11419

                                             718-849-7272