*STEPHEN C. DACHTERA ESQ.*

*ATTORNEY AT LAW*

*101-05 LEFFERTS BOULEVARD*

*RICHMOND HILL, N.Y*

*718-849-7272*

September 27, 2022
Via ECF
Magistrate Arlene Lindsay
United States District Court
Eastern District
225 Cadman Plaza East
Brooklyn, New York 11201

Case No: 20:Cv:5380
Caption: Gutierrez v. Davinci et al.
RE: Discovery Letter Motion

Dear Magistrate Lindsay

This letter represents defendant's motion to compel plaintiff's responses to defendants requests for documents and interrogatory responses pertaining to plaintiff's employment history from July 2019-July 2020 and income documentation showing proof of each of the plaintiffs income for years 2019 and 2020. Defendant requested either tax returns for those years or W-2 or 1099's.or some other proof of income earned. While defendant is mindful of the law in this District pertaining to immigration status and the favorability towards non-disclosure of tax returns in general, defendants have attempted to discover such information about plaintiff's earnings and employment history from other sources through less intrusive means such as interrogatories and document requests. This information is materially relevant to defendants defenses in this case as explained

herein. Plaintiffs have given defendants no information at all in regards to those inquiries. Defendant has also requested some form of picture identification which would not necessarily reveal immigration status such as retail store card or any other non-governmental issued identification. Defendant has complied with Local Rule 37.3(a) in attempting in good faith to resolve these issues with plaintiff's counsel through emails and conversations.

However at this time both sides cannot agree on whether defendants are entitled to the discovery materials requested herein. Plaintiff's responded to some of defendants interrogatories on May 25, 2022 and the rest of them on September 27, 2022. Plaintiffs objected to defendant's request for the names and addresses of all prior employers that plaintiff' worked for during the relevant claim period from July 2019 to July 2020 and whether plaintiff's received W-2's or 1099 for tax years 2019-2020 from any other employer or from defendants. Plaintiff's objected to request as being improper, irrelevant and intended to harass the plaintiffs regarding their immigration status and did not answer the request at all. Defendant does not have information regarding nor is requesting such disclosure about plaintiff's immigration status. However plaintiff's work history during that period is materially relevant to the defendants defenses as to the amount of wages they might have earned during that period from other employers, and also whether plaintiffs worked for other employers during the periods that plaintiffs based on the alleged hours they worked could have only worked for defendants. Proof of wage earnings for 2019-2020 is also relevant as to whether plaintiffs understated the wages they received from defendants by any filings or statements that show an increased income from what plaintiffs claim they received.

The plaintiffs claim to have worked between 60-66 hours per week on average from July 2019-July 2020 so any other work that defendants might have done during that period or wages earned from other employers or sources (since the wages paid to

plaintiffs were cash and defendant's pay records do not match plaintiffs alleged claims for wages they received) are materially relevant.

There is no other way for defendants to get this documentation and defendants wish to obtain this information in a way which does not reveal the immigration status of the plaintiffs. Plaintiff's counsel has refused to provide any of this information in any capacity under the theory that any information requested for these issues is a form of intimidation on the plaintiffs. While the defendants recognize that is it well settled in this District that immigration status is undiscoverable unless in very rare circumstances, the defendants are not asking or wishing to obtain such.

While some disclosure may incidentally by its nature disclose immigration status, the names and addresses of previous employers would not do so or nor would a 1099 or W-2 if the plaintiffs have a Tax ID number. Plaintiff's counsel informed defendants counsel that some plaintiffs had obtained Tax Id numbers on their own prior to the filing of this action. In addition the defendant has repeatedly asked the plaintiffs for some form of identification , as one of the defenses of the defendants is whether one or more of the plaintiffs ever worked for the defendants and whether the individuals suing the defendants are actually the ones who actually worked for the defendants. Due to the nature of the names used by plaintiffs which are common Hispanic names in which multiple persons may have the same name but actually be a different person.

We asked the plaintiffs to provide any sort of identification with a picture on it even if it is a store card such as BJ card or something which would not reveal immigration status. The plaintiff has refused to produce anything on that. Without obtaining this information described herein from plaintiffs defendants are at an extreme disadvantage in defending the case on the merits and the information requested is relevant to material elements of this case and not discoverable by other less intrusive means.

The defendants request that this Court hold a brief conference in order to resolve these issues prior to completion of discovery or compel the plaintiff to produce them. The parties have scheduled plaintiffs depositions for September 29th and 30th and defendants for October 4th and 5th . The defendants also request a brief extension of discovery post depositions in the event that testimony reveals other documents, witnesses or other information not initially revealed by plaintiffs or produced which are material to the defendants defense and through which more discovery is required. The defendants also request additional time to depose any non-party witnesses, names of which were provided to plaintiff through defendant's interrogatory responses.

Stephen C. Dachtera Esq.
Attorneys for Defendants
101-05 Lefferts Boulevard
Richmond Hill, N. Y 11419
718-849-7272