

ATTORNEYS AT LAW

Main Office:
91. N. Franklin Street
Suite 108
Hempstead, New York 11550
Tel.: 516/280.4600
Fax: 516/280.4530
MFLawNY.com

Marcus Monteiro
516/280.4600 ext. 301
mmonteiro@mflawny.com

September 28, 2022

**VIA ECF**

The Honorable Judge Arelene R.Lindsay
United States Magistrate Judge
Eastern District of New York
814 Federal Plaza
Central Islip, New York 11722

      RE:    *Gutierrez et al. v. Davinici's Restaurant et al.*
                Civ. No.: 20-05380

Dear Judge Lindsay:

      I represent Plaintiffs in this wage/overtime case made under the FLSA and NYLL. I write this letter motion to respond to Defendants' compel motion and hereby cross-move to: (i) compel Defendants' deposition, (ii) preclude late filed discovery documents, and (iii) sanction Defendants and their counsel.

      Defendants have maintained a course of conduct clearly intended to intimidate and harass Plaintiffs. Their conduct includes threatening Plaintiffs that they will "get deported" or Defendants will "call the cops" on Plaintiffs and even contacting Plaintiff's current employer to inform them that a plaintiff is suing Defendants and they should be "careful" about maintaining his employment (in a clear effort to get that plaintiff fired). Defendants conduct was so pervasive that Plaintiffs were forced to amend their Complaint to include a cause of action for unlawful retaliation. Defendants' counsel now joins his clients in inappropriate behavior by repeatedly asking for income tax returns in an effort to question Plaintiffs' immigration status and somehow argue they are not entitled to protections under the FLSA and NYLL. Defendants' counsel (not his clients) was previously sanctioned and Ordered to pay Plaintiffs' attorneys fees of $5,175.00 for his failure to comply with his discovery obligations and for his dubious representations of Defendants in this Court where he was not admitted. (Dkt. No. 28). Defendants' counsel has since represented that he is now admitted in this Court.

      Defendants' counsel's compel motion is procedurally improper. First, it must be limited to three pages, while Defendants' is five. *See* Indiv. Rule 2(A)(1). Additionally, Defendants fail to cite to a specific discovery and inspection or interrogatory response they object to. Thus, their application must be denied. *Ofoedu v. St. Francis Hosp. & Med. Ctr.*, 2005 WL 8166070, at *3 (D. Conn. 2005) ("…it is impossible for the Court to make a determination without being provided the specific interrogatories and document demands at issue. As the Court is unable to identify the questions and demands, it is in no position to judge whether Defendants' answers failed to comply with Rule 33(b)'s requirement … The obligation to submit and define the deficiency lies with the Plaintiff. Without more specific identification, the Court will deny Plaintiff's motion.")

Aside from their procedural faults, Defendants are legally wrong as well. They attempt to compel tax documents from Plaintiffs, like 1099's and W-2's, which they know are non-discoverable in an FLSA case due to the potential for intimidation and harassment (exactly as is used here). *Paulino Uto et al. v. Job Site Services Inc.*, Inc. et al., 10-00529 (E.D.N.Y. 2010) ("I find that plaintiffs' income tax returns are not relevant to their FLSA claims"); *Rosas v. Alice's Tea Cup*, LLC, 2015 U.S. Dist. LEXIS 87780 (S.D.N.Y. 2015) (Here, the defendants have failed to demonstrate either relevance or a compelling need [for disclosure of income taxes] … [defendants] possess relevant data on hours and compensation, and there is no reason to assume that [the] defendants' records are less reliable than any records maintained by [the plaintiffs]… Indeed, the plaintiffs' tax returns would only include total income and not details that would be relevant in an FLSA and NYLL suit, such as weekly wages and specific hours worked. Rather, tax information from plaintiffs would serve no obvious purpose other than intimidation."); *see also Marquez v. Erenler, Inc.*, 2013 U.S. Dist. Lexis 138630, (S.D.N.Y. 2013) (In contrast, tax information from plaintiffs would serve no obvious purpose other than **intimidation.**") (emphasis added); *Molina v. Two Bros. Scrap Metal*, 59 Misc. 3d 1232(A), 109 N.Y.S.3d 564 (N.Y. Sup. Ct. 2018) (Denying "disclosure relating to immigration status, passports, visas, social security numbers, and tax records, as well as information about other employers or work history.") Indeed, Defendants cite to no case law where a Plaintiff was compelled to provide tax records in an FLSA case.

Additionally, Plaintiffs current and former employment is non-discoverable in an FLSA case. *Rosas v. Alice's Tea Cup, LLC*, 127 F. Supp. 3d 4, 11–12 (S.D.N.Y. 2015) ("Generally, information from or about plaintiffs' current employers is irrelevant in determining whether the defendant-employers violated wage and hour laws."); *Campos v. Zopounidis,* No. 3:09 CV 1138, 2011 WL 4852491, at *3 (D.Conn. 2011) (holding all testimony of plaintiff's current employers "inadmissible because it is wholly irrelevant to issue of whether or not Plaintiff received adequate compensation from the Defendants"); *Wagner v. Viacost.com,* No. 06 81113 CIV, 2007 WL 1879914, at *1–2 (S.D. Fla. 2007) (documents from plaintiff's current employer "are not relevant to the defense of this [FLSA] lawsuit"); *Barrington v. Mortage IT, Inc.,* No. 07 61304 CIV, 2007 WL 4370647, at *4 (S.D. Fla. 2007) ("The Court finds that the records of Plaintiffs' former employers do not appear relevant to the claims or defenses herein—whether Plaintiffs worked for Defendant more than 40 hours a week without receiving overtime compensation and whether Defendant properly classified Plaintiffs' positions as exempt from the FLSA overtime provisions."); *Rosas v. Alice's Tea Cup, LLC*, 127 F. Supp. 3d 4, 11–12 (S.D.N.Y. 2015) ("Generally, information from or about plaintiffs' current employers is irrelevant in determining whether the defendant-employers violated wage and hour laws.")

What makes Defendants application more troublesome is they represented to this Court that all documentary discovery has been exchanged by Plaintiffs and that no deficiencies exist. Indeed, the Parties' August 30, 2022 letter motion to extend discovery represented that the **only** outstanding discovery were documents and interrogatory response **owed to Plaintiffs from Defendants**. Based on the Parties representations in that letter, this Court Ordered extended the deadline to October 7, 2022.

Plaintiffs' depositions are scheduled for **tomorrow** (Thursday) and Friday (September 29th and 30th). Defendants are scheduled for next Tuesday and Wednesday (October 4th and 5th) but they have not made themselves available for October 6th or 7th if required. Defendants make little effort to complete discovery by October 7. Accordingly, Plaintiffs now seek an Order to compel Defendants to appear for their depositions on October 6th and 7th if required, in an effort to complete all discovery in compliance with the Court's October 7th deadline.

Furthermore (aside from the improper demands and tactics), Defendants **only today** provided "Defendants First Set of Responses to Plaintiff (sic) Demands for Documents." This case was filed

on November 5, 2020, Defendants Answered on January 29, 2021 and Plaintiffs served their demands for documents on February 4, 2021. Defendants now provide responses 1.7 years later, in violation of multiple Orders and deadlines.

Worse, Defendants produced certain affidavits from "witnesses" they represented to me they have in hand months ago but have failed to provide until today. Specifically, the day before Plaintiffs depositions (today) Defendants produce affidavits from: Javed Ali (a named Defendant dated July 25, 2022); Michael Mistretta (dated July 12, 2022); Jimmy Ochoa (a waiter at Defendants, dated August 13, 2022); Robert O'Mahony (a bartender at Defendants, dated August 18, 2022); Ceslo Lopez (a waiter at Defendants, dated August 23, 2022); and Jose Martinez (a counter person at Defendants, dated August 17, 2022). Defendants also provided an "Employee Handbook". For starters, the witnesses were not identified in Defendants' initial disclosures, because they never provided initial disclosures. Looking at the dates the affidavits were signed, Defendants clearly possessed these affidavits for months but willfully refrained from disclosing them, and only do so now on the eve of depositions to obtain an improper litigation advantage.

As stated at the motions and hearing resulting in Defendants' counsel being sanctioned – discovery compliance has been difficult – to say the least. Indeed, I have reminded Defendants' counsel about his discovery obligations and rules regarding Court familiarity time and time again (i.e. attorneys of record are expected to be familiar with the Local Rules of the United States District Court for the Eastern District of New York, as well as individual rules of the assigned Magistrate and the assigned District Judge). *See* Local Civil Rules 1.3(a)(6)(A)-(F), 1.3(a)(7), 72.1, and 72.2. However, nothing appears to work. Despite being sanctioned, Defendants' counsel has not course-corrected and his improper conduct continues. As such, he should be sanctioned and the documents disclosed today precluded. *See* Fed. R. Civ. P. 37(c)(l)(establishing a self-executing sanction for discovery violations); *Patterson v. Balsamico*, 440 F.3d 104, 117 (2d Cir. 2006) (strictly following Rule 37 to exclude affidavit when no "justification for his delay" was provided); Fed. R. Civ. P. 37(c)(l) advisory committee notes (1993) ("The revision provides a self-executing sanction for failure to make a disclosure required by Rule 26(a)....") Indeed, Rule 37(c)(l) "gives teeth" to the Federal discovery rules "by forbidding the use at trial of any information required to be disclosed by Rule 26(a) that is not properly disclosed." *Yeti by Mollv Ltd, v. Deckers Outdoor Corp.* 259 F.3d 110, 1106 (9th Cir. 2001); Once the movant demonstrates that Rule 26(a), 26(e)(l), or 26(e)(2) has been violated, the sanction is automatic unless the respondent demonstrates its failure was "substantial justification or is harmless." Rule 37(c)(1) is designed to prevent the "sandbagging" of an opposing party with new evidence. *Fleming v. Verizon N.Y., Inc.,* 2006 WL 2709766, at *7 (S.D.N.Y. 2006); *CSC Holdings, Inc. v. Berube*, 2004 WL 3541331, at *3 (E.D.N.Y. July 7, 2004) (Rule 37(c) (1) is designed to avoid "gamesmanship" and "to provide a strong inducement for disclosure of Rule 26(a) material") (internal quotation marks and citation omitted). *Rienzi & Sons, Inc. v. N. Puglisi & F. Industria Paste Alientari S.P.A.,* 2011 WL 1239867, at *4 (E.D.N.Y. 2011) (Irizarry, D.) ("Because Puglisi has disregarded its discovery obligations without a sufficient explanation [his evidence is precluded]"). "[E]ven in the absence of a discovery order, a court may impose sanctions on a party for misconduct in discovery under its inherent power to manage its own affairs." *Residential Funding Corp. v. DeGeorge Financial Corp.,* 306 F.3d 99, 106 (2d Cir.2002).

Alternatively, a hearing should be scheduled to determine when the witness affidavits were received by Defendants' counsel to gauge his level of conduct in not disclosing them. I thank the Court for considering this application.

Very truly yours,

/s/ Marcus Monteiro
