*STEPHEN C. DACHTERA ESQ.*

*ATTORNEY AT LAW*

*101-05 LEFFERTS BOULEVARD*

*RICHMOND HILL, N.Y*

*718-849-7272*

September 30, 2022
Via ECF
Magistrate Arlene Lindsay
United States District Court
Eastern District
225 Cadman Plaza East
Brooklyn, New York 11201

Case No:  20:Cv:5380
Caption: Gutierrez v. Davinci et al.
RE: Discovery Letter Motion

Dear Magistrate Lindsay

This letter is in opposition to plaintiff's cross motion to compel defendant's deposition, preclude late filed discovery documents and sanction defendants.

First any motion to compel defendants deposition at this time is unnecessary and a misuse of time and motion practice. The defendants have repeatedly stated that they are available for depositions on October 3, 4th, 5th, and 7th. We have scheduled depositions for the defendants for October 4th, and 5th so we are not sure why plaintiffs are compelled to request this relief. Defendants are willing and ready to cooperate.

In regards to the affidavits of non-parties that plaintiff refers to, the names of these potential witnesses and persons with information on the case who signed affidavits were disclosed to Plaintiffs through defendants answers to plaintiff's interrogatories on

August 24, 2022 and on September 2, 2022. The interrogatories also provided plaintiffs with a description of the content and allegations about the plaintiffs to which the affidavits would contain. Rule 26 (e) provides that interrogatory responses can be used to supplement any prior disclosures.  The reason the actual physical copies of the affidavits of these persons were not disclosed at the time of the interrogatory responses was because my office did not receive them from our clients immediately after they were witnessed.  The content of the affidavits matched what was disclosed in writing to the plaintiffs in the interrogatories. There was no allegations in the cross motion that the contents of the affidavits or the persons making them were completely unknown to the plaintiff. So the plaintiff's allegation of surprise or prejudice seems unjustified at best.

There is no remaining support in plaintiffs cross motion for any sanctions at this time. One, the defendants are ready and willing to be deposed and depositions are scheduled and two, the plaintiff was given ample and timely discovery of what was contained in the affidavits before he got the actual affidavits before the depositions. In fact the affidavits were not even used as an exhibit in any of plaintiff's depositions to date.

Plaintiff's cross motion should therefore be denied.

Stephen C. Dachtera Esq.
Attorneys for Defendants
101-05 Lefferts Boulevard
Richmond Hill, N. Y 11419
718-849-7272