UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
JOSE GUTIERREZ, et al.,

                       Plaintiffs,                       **ORDER**
                                                                                                    20-CV-5380 (GRB) (ARL)
       -against-

DAVINCI'S RESTAURANT & LOUNGE, et al.,

                       Defendants.
------------------------------------------------------------------X

**LINDSAY, Magistrate Judge:**

      Before the Court is the defendants' motion seeking to compel the plaintiffs to respond to their requests for documents and interrogatories pertaining to the plaintiffs' employment history from July 2019 - July 2020. Specifically, the defendants have requested that the plaintiffs produce either tax returns, W-2s or 1099s to prove what each of their incomes were in 2019 and 2020. The defendants are also seeking the names and addresses of all prior employers that the plaintiffs worked for during the relevant claim period and any W-2's or 1099s for tax years 2019-2020 from any other employer. The defendants argue that the information is material to their defense because the plaintiffs claim to have worked between 60-66 hours per week between July 2019-July 2020 so any other work that plaintiffs might have done during that period or wages earned from other employers is relevant.

      In response, the plaintiffs contend that the requests are intended to intimidate and harass them. Specifically, the plaintiffs allege that throughout this litigation, the defendants have threatened to get them deported or to call the cops. They claim that the defendants have even contacted one of the plaintiff's current employers to inform them that the plaintiff is suing the defendants and they should be "careful" about maintaining his employment. Given this conduct, the plaintiffs believe that the defendants' current request for tax documents is a ploy to expose

the plaintiffs' immigration status. Finally, the plaintiffs contend that (1) tax documents are generally non-discoverable in Fair Labor Standards Act cases and (2) the defendants' failure to annex the demands at issue is, alone, a ground to deny the request. The Court agrees.

Pursuant to Local Civil Rule 37.3(c), "[w]here the attorneys for the affected parties . . . cannot agree on a resolution of any . . . discovery dispute or non-dispositive pretrial dispute, . . . they shall notify the Court by letter not exceeding three pages in length outlining the nature of the dispute and *attaching relevant materials*" (emphasis added). In this case, the interrogatories and document requests at issue were not attached to the defendants' motion. In fact, the actual demands were not cited to in the body of the letter. Moreover, while tax documents are not inherently privileged, courts are typically reluctant to compel their disclosure. *See Agerbrink v. Model Serv. LLC,* No. 14 CIV 7841 JPO JCF, 2017 WL 933095, at *5 (S.D.N.Y. Mar. 8, 2017)(denying motion to compel tax return). As such, "courts place the burden on the 'party seeking discovery to demonstrate both relevancy and a compelling need.'" *Id.* (citing *Uto v. Job Site Services Inc.*, 269 F.R.D. 209, 212 (E.D.N.Y. 2010)). Here, the defendants have not demonstrated a compelling need for the tax documents. To begin with, the defendants' application is silent as to whether they already possess data regarding the hours worked and compensation received by the plaintiffs while in their employ. In addition, the W2s and 1099s would, at best, reflect income received by the plaintiffs during that time period - not the days and the hours they worked. Accordingly, without more, the Court must deny the defendants' motion to compel the tax documents.

Similarly, the defendants' motion to compel the plaintiff, William Rodriguez, to respond to the interrogatories is denied. It is not clear from the application when the interrogatories were re-served. Accordingly, the Court cannot determine whether sufficient time was given for a

response prior to the scheduled deposition. Nonetheless, upon receipt of this order, the parties are directed to meet and confer in good faith to set a date certain for the response and to reschedule the deposition.

Dated: Central Islip, New York  
      October 3, 2022

SO ORDERED:

_____/s_____  
ARLENE R. LINDSAY  
United States Magistrate Judge