

ATTORNEYS AT LAW

Main Office:
91. N. Franklin Street
Suite 108
Hempstead, New York 11550
Tel.: 516/280.4600
Fax: 516/280.4530
MFLawNY.com

Marcus Monteiro
516/280.4600 ext. 107
mmonteiro@mflawny.com

October 6, 2022

**VIA ECF**

The Honorable Judge Arelene R. Lindsay
United States Magistrate Judge
Eastern District of New York
814 Federal Plaza
Central Islip, New York 11722

      RE:    *Gutierrez et al. v. Davinici's Restaurant et al.*
                  Civ. No.: 20-05380

Dear Judge Lindsay:

      I represent Plaintiffs in this wage/overtime case made under the FLSA and NYLL. I write this letter motion seeking the following relief: (i) a protective order denying the continued deposition of William Rodriguez, and (ii) to sanction Defendants under Rule 37 for their late filed discovery documents – including preclusion.

      By way of background, on August 29th the Parties held a mediation session that failed to resolve this dispute. On August 30th, Plaintiffs wrote this Court and moved for a brief extension of the discovery end date to October 7, 2022, to allow the Parties to be deposed. (ECF 35). Plaintiffs specifically cited in that letter that there is "outstanding discovery" owed Plaintiffs from Defendants. There was no representation of any discovery owed to Defendants. Based on those representations, on August 31, 2022, the Court granted the application and extended the discovery end date to October 7th.

      Thereafter, the depositions of Plaintiffs were scheduled for September 29th and 30th, and Defendants for October 4th and 5th. Those depositions were never conditioned on any documents.

      On September 27th, Defendants acknowledged that Plaintiffs depositions were scheduled for September 29th and 30th and Defendants for October 4th and 5th and moved to compel certain income tax documents from Plaintiffs. (ECF 37).

      Plaintiffs opposed the disclosure of tax documents and "cross-moved" to preclude certain witness affidavits that Defendants withheld for months and only served on the eve of depositions. (ECF 38).

      On September 30, 2022 (a Thursday), Defendants next moved to adjourn the deposition of William Rodriguez and to compel the production of his interrogatories. (ECF 39).

Before Plaintiffs could respond to Defendants second discovery motion at ECF 39, the Court issued an Order on October 3, 2022 (a Monday), being only two business days after the motion was filed (the "Order") (ECF 41). The Order denied Plaintiffs' tax document disclosure, but also directed the Parties to meet and confer and set a date for interrogatory responses and to reschedule his deposition.

I now move for a protective order under Rule 26 preventing the continued deposition of Mr. Rodriguez based certain facts that Defendants counsel failed to inform this Court when making his application.

The Court directed that depositions be had and discovery end on October 7, 2022. At that time, Defendants still had not provided initial disclosures, interrogatories by Davinci (the Corporate entity, served February 4, 2021), the responses for the Request for Admissions of Javed Ali (served February 28, 2022), and Defendants year 2000 NYS-45's and Form 941s (promised for over a year, discovery demands served February 4, 2021). Despite these serious deficiencies, Plaintiffs recognized that this Court set a discovery end date and both Plaintiffs and Defendants counsel made representations that their clients would be deposed by the discovery end date. Those representations were not qualified but firm. As such, Plaintiffs followed those directions set by this Court and deposed the Defendants as required and as Ordered.

Conversely, Defendants confirmed and scheduled the deposition of Mr. William Rodriguez for September 30th. Producing Mr. Rodriguez for his remote deposition was no small feat, as he currently lives in South Carolina - directly in the path of Hurricane Ian. Amazingly, he appeared for his deposition while Hurricane Ian was overhead. However, immediately before his deposition was to start, Defendants counsel **for the first time** expressed a reservation about deposing him and would "talk to his clients". Only after Mr. Rodriguez, the court reporter, the translator, and myself were waiting in the deposition room did Defendant's counsel appear and put a statement on the record that he was refusing to take Mr. Rodriguez's deposition based on (what he considered) outstanding interrogatories. Again, at no point before that time did Defendant's counsel ever state he would not take Mr. Rodriguez's deposition (likely waiting for him to be produced before springing this surprise).

Therefore, Mr. Rodriguez was already produced and we ask that this Court issue a protective order denying his continued deposition.

Additionally, we move to preclude certain documents produced by Defendants that they willfully withheld for moths only to produce on the eve of depositions. This preclusion motion was previously made in Plaintiffs opposition and "cross-motion" at ECF 37. However, the Court did not address the "cross motion" – likely because cross-motions are not specifically addressed in Your Honor's individual rules, necessitating this separation letter motion.

Specifically, on September 28, 2022, Defendants provided "Defendants First Set of Responses to Plaintiff (*sic*) Demands for Documents." This case was filed on November 5, 2020, Defendants Answered on January 29, 2021, and Plaintiffs served their demands for documents on February 4, 2021. **Defendants now provide responses 1.7 years later, in violation of multiple Orders and deadlines**.

Worse, Defendants produced certain affidavits from "witnesses" they represented to me they had in hand months ago but have failed to provide until the day before depositions. Specifically, the day before Plaintiffs depositions, Defendants produce affidavits from: Javed Ali (a named Defendant

dated July 25, 2022); Michael Mistretta (dated July 12, 2022); Jimmy Ochoa (a waiter at Defendants, dated August 13, 2022); Robert O'Mahony (a bartender at Defendants, dated August 18, 2022); Ceslo Lopez (a waiter at Defendants, dated August 23, 2022); and Jose Martinez (a counter person at Defendants, dated August 17, 2022). Defendants also provided an "Employee Handbook".

For starters, the witnesses were not identified in Defendants' initial disclosures, **because they never provided initial disclosures**. Looking at the dates the affidavits were signed, Defendants clearly possessed these affidavits for months but willfully refrained from disclosing them, and only do so now on the eve of depositions to obtain an improper litigation advantage. As such, sanctions are appropriate including preclusion. *See* Fed. R. Civ. P. 37(c)(l)(establishing a self-executing sanction for discovery violations); *Patterson v. Balsamico,* 440 F.3d 104, 117 (2d Cir. 2006) (strictly following Rule 37 to exclude affidavit when no "justification for his delay" was provided); Fed. R. Civ. P. 37(c)(l) advisory committee notes (1993) ("The revision provides a self-executing sanction for failure to make a disclosure required by Rule 26(a)....") Indeed, Rule 37(c)(l) "gives teeth" to the Federal discovery rules "by forbidding the use at trial of any information required to be disclosed by Rule 26(a) that is not properly disclosed." *Yeti by Mollv Ltd, v. Deckers Outdoor Corp.* 259 F.3d 110, 1106 (9th Cir. 2001); Once the movant demonstrates that Rule 26(a), 26(e)(l), or 26(e)(2) has been violated, the sanction is automatic unless the respondent demonstrates its failure was "substantial justification or is harmless." Rule 37(c)(1) is designed to prevent the "sandbagging" of an opposing party with new evidence. *Fleming v. Verizon N.Y., Inc.,* 2006 WL 2709766, at *7 (S.D.N.Y. 2006); *CSC Holdings, Inc. v. Berube,* 2004 WL 3541331, at *3 (E.D.N.Y. July 7, 2004) (Rule 37(c) (1) is designed to avoid "gamesmanship" and "to provide a strong inducement for disclosure of Rule 26(a) material") (internal quotation marks and citation omitted). *Rienzi & Sons, Inc. v. N. Puglisi & F. Industria Paste Alientari S.P.A.,* 2011 WL 1239867, at *4 (E.D.N.Y. 2011) (Irizarry, D.) ("Because Puglisi has disregarded its discovery obligations without a sufficient explanation [his evidence is precluded]"). "[E]ven in the absence of a discovery order, a court may impose sanctions on a party for misconduct in discovery under its inherent power to manage its own affairs." *Residential Funding Corp. v. DeGeorge Financial Corp.,* 306 F.3d 99, 106 (2d Cir.2002).

Alternatively, a hearing should be scheduled to determine when the witness affidavits were received by Defendants' counsel to gauge his level of conduct in not disclosing them. I thank the Court for considering this application.

Finally, the bad faith tactics continue in this case. Defendants counsel during the close of Plaintiffs deposition yelled out "lying scumb*g" at the camera. The statement was witnessed by the court reporter, and I immediately made a record of it to her. Defendants' counsel, who was presumably alone in his office, acknowledge he made the statement, but said that perhaps he was thinking of someone else (or something of that nature as I don't have the transcript). We will develop that record more fully once we have the official transcripts but bring it to the Court's attention now as further evidence of the bad faith tactics employed here.

I thank the Court for considering this request.

Very truly yours,

/s/ Marcus Monteiro