*STEPHEN C. DACHTERA ESQ.*

*ATTORNEY AT LAW*

*101-05 LEFFERTS BOULEVARD*

*RICHMOND HILL, N.Y*

*718-849-7272*

September 30, 2022
Via ECF
Magistrate Arlene Lindsay
United States District Court
Eastern District
225 Cadman Plaza East
Brooklyn, New York 11201

Case No:  20:Cv:5380
Caption: Gutierrez v. Davinci et al.
RE: Discovery Letter Motion

Dear Magistrate Lindsay

 This letter represents defendant third  motion to compel to this Court pursuant to Local
Rule 37.3. This motion is pursuant to FRCP Rule 37 compelling plaintiff's William
Rodriquez responses to defendant's interrogatories which were first served on plaintiff
on March 23, 2022 and then requested from plaintiff in numerous email conversations
which are attached herein. Furthermore pursuant to this Court's order dated October 3,
2022 instructing the parties to resolve the issue in good faith, the plaintiff refuses to
comply or work with defendant in resolving the issue.

 This motion is also to compel production of Plaintiff's Noel Baquedano's W-2 for the
year 2019. During the deposition of Noel he was asked if he worked for a restaurant
called Frantoni's Pizza in Hempstead for the year 2019, at first he responded yes and
then changed his answer to no. He also admitted that he received paystubs and a W-2 for
his time at that restaurant.  Mr. Mistretta the owner of the restaurant had provided an
affidavit that the plaintiff worked for him full time in 2019. Defendant's compelling
need for the W-2 is based on the fact that one of the defenses  against this plaintiff is that
he could not have worked the hours and dates he alleges for the defendant if he was
working for any time with Frantoni's. There is no other way to obtain this information
from plaintiff and such information does not in any way harass the plaintiff.  While the
W-2 would not state the dates he worked, it would authenticate that he worked in that
year for the other restaurant and his total income received would indicate how long he
may have worked for that restaurant based on the customary wage for someone in his

position.

 In regards to Mr. Rodriquez, Defendant scheduled the deposition of Mr. Rodriquez based on the assurances that plaintiff provided to defendant that such interrogatories would be produced by September 27, 2022. When such responses were not given or provided to which defendant even waited till the morning of the deposition to receive were not produced, defendant informed the plaintiff that they did not want to take the deposition in the absence of the responses.

 Defendant made a motion to compel and to reschedule the deposition. While denying the motion to compel  this Court instructed the parties to resolve the issue in good faith. Despite repeated attempts by the defendant to resolve the issue the plaintiff has provided no responses, made no attempt to provide a date when responses would be forthcoming or when the plaintiff would be available to be deposed.    The attached email correspondence evidences the plaintiff's disregard for the request and failure to attempt to abide by this Court's direction. On September 8, 2022 defendant requested of plaintiff outstanding interrogatories from plaintiffs Jose Gutierrez and William Rodriquez. Plaintiff did not immediately respond with any date for compliance. On September 20, 2022 counsel sent another email to plaintiff reminding plaintiff that such interrogatories were still due and missing. Finally plaintiff on September 26, 2022 stated that he"will produce rog responses and discovery and inspection by tomorrow" referring to interrogatories of Jose and William. On September 27, 2022 plaintiff three days before the scheduled deposition of those parties finally but only gave responses for Jose Gutierrez, no mention of Mr. Rodriquez despite plaintiff counsel stating he would submit those.

  Since that time no effort or communication by the plaintiff as these interrogatories was given and plaintiff just failed to address it. Plaintiff has made a motion based on these facts to preclude his deposition.

 For the foregoing reasons defendant' should be granted.

Stephen C. Dachtera Esq.
Attorneys for Defendants
101-05 Lefferts Boulevard
Richmond Hill, N. Y 11419
718-849-7272