

ATTORNEYS AT LAW

Main Office:
91. N. Franklin Street
Suite 108
Hempstead, New York 11550
Tel.: 516/280.4600
Fax: 516/280.4530
MFLawNY.com

Marcus Monteiro
516/280.4600 ext. 107
mmonteiro@mflawny.com

October 11, 2022

**VIA ECF**

The Honorable Judge Arelene R. Lindsay
United States Magistrate Judge
Eastern District of New York
814 Federal Plaza
Central Islip, New York 11722

      RE:   *Gutierrez et al. v. Davinici's Restaurant et al.*
                Civ. No.: 20-05380

Dear Judge Lindsay:

     I represent Plaintiffs in this wage/overtime case made under the FLSA and NYLL. I write this letter in opposition to Defendants letter motion to compel income tax documents from a Plaintiff in an FLSA case and to compel interrogatories. See ECF No. 44.

     Defendants seek to compel the tax records of Plaintiff Noel Baquedano and solely relies on his recollection during Noel's deposition as to when and where he worked and how he was paid – but fails to cite to the transcripts or even include them. Factually, I refute much of Defendants' attorneys' recollection as to Noel's work terms and payment from employers other than Defendants. Indeed, unless Defendants' attorney wants to become fact witness, his recollection cannot be relied upon in this regard and the motion must be rejected.

     In any event, this Court has already denied the production of Plaintiffs tax documents, holding: "Here, the defendants have not demonstrated a compelling need for the tax documents. To begin with, the defendants' application is silent as to whether they already possess data regarding the hours worked and compensation received by the plaintiffs while in their employ. In addition, the W2s and 1099s would, at best, reflect income received by the plaintiffs during that time period - not the days and the hours they worked." *See* ECF No. 41.

     Indeed, this District does not allow discovery into Plaintiff's tax documents in FLSA cases, – many of which contained identical allegations as here (i.e. Plaintiff worked elsewhere during the subject period). As those cases have unanimously held, there is nothing the W-2 can inform this Court that the Plaintiff's don't already have. *Rosas v. Alice's Tea Cup*, LLC, 2015 U.S. Dist. LEXIS 87780 (S.D.N.Y. 2015) (Here, the defendants have failed to demonstrate either relevance or a compelling need [for disclosure of income taxes] … [defendants] possess relevant data on hours and compensation, and there is no reason to assume that [the] defendants' records are less reliable than any records maintained by [the plaintiffs]… Indeed, the plaintiffs' tax returns would only include total income and not details that would be relevant in an FLSA and NYLL suit, such as weekly wages and

specific hours worked. Rather, tax information from plaintiffs would serve no obvious purpose other than intimidation.")

Factually, Plaintiff's alleged in their Complaint that: "NOEL was employed by Defendants as a cook from August 2018 to January 2019 then from October 2019 to July 2020." Therefore, a W-2 from another employer would prove nothing as Noel admitted he only partially worked for Defendants during any calendar year. Indeed, Defendants admit that any W-2 would be of limited value as "the W-2 would not state the dates he worked." As such, the limited value of a W-2 pales in comparison to the compelling need to not disclose such information from a Plaintiff in an FLSA case due to the important rights at stake and the ever present threat of intimidation – which would cause a chilling effect. *Paulino Uto et al. v. Job Site Services Inc*., Inc. et al., 10-00529 (E.D.N.Y. 2010) ("I find that plaintiffs' income tax returns are not relevant to their FLSA claims"); *see also Marquez v. Erenler, Inc*., 2013 U.S. Dist. Lexis 138630, (S.D.N.Y. 2013) (In contrast, tax information from plaintiffs would serve no obvious purpose other than **intimidation.**") (emphasis added).

Here, after hotly contested litigation, discovery ended on October 7, 2022. Outside of those outstanding documents that Defendants have stated they would provide to Plaintiffs (for example, NYS-45 tax documents as promised once Defendants accountant comes back from a long absence), discovery should end and this matter proceed to motion practice then trial in necessary.

I thank the Court for presiding over this matter.

Very truly yours,

/s/ Marcus Monteiro