UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF NEW YORK         EDNY Docket /File No. 20-cv-5380

-------------------------------------------------------------------------------------------------------

JOSE GUTIERREZ, JUAN MONTENEGRO, NOEL BAQUEDANO,
WILLIAM RODRIQUEZ, ANGEL RODRIGUEZ and HAROLD VENTURA,
On behalf of themselves and other similarly situated,

PLAINTIFFS,

<u>PROPOSED JOINT PRE-TRIAL ORDER</u>

-against-

DAVINCI'S RESTAURANT & LOUNGE, CHRISTINA  BOUZELAS, GEORGE
BOUZELAS, JOSE BONILLA, JAVED ALI and ABC CORP. d/b/a DAVINCI'S
RESTAURANT & LOUNGE

DEFENDANTS

This is defendants submission of a  proposed Joint Trial Order. Plaintiffs first
contacted defendants at 4:15 PM on November 16, 2022 to discuss their proposed Pre-Trial
Order. Such order was delivered to Defendant at 5:37 PM on November 16, 2022. Defendant did
not have sufficient opportunity to discuss such with plaintiff or engage in any good faith
discussion on objections or content.

I.    <u>FULL CAPTION OF ACTION</u>

The full caption of the action is as set forth above.

<u>IDENTIFICATION OF TRIAL COUNSEL</u>

For Plaintiffs:

Marcus Monteiro Esq.

91 North Franklin Street, Suite 108

Hempstead, N.Y 11550

516 280-4600

For the Defendants:

Stephen C. Dachtera Esq.

101-05 Lefferts Boulevard

Richmond Hill, N.Y 11419

718-849-7272

III <u>STATEMENT AS TO SUBJECT MATTER JURISDICTION</u>

Defendant asserts that this Court has original and pendant subject matter jurisdiction under 28 U.S.C 1331 and 1337 due to plaintiff's claims under FLSA. This Court does not have supplemental jurisdiction over state law claims pursuant to 28 U.S.C. 1367 for  NYLL  claims 195(1)(a) and  195(3). Venue is proper under 28 U.S.C. 1391

IV. <u>STATEMENT AS TO CLAIMS AND DEFENSES</u>

1. Plaintiffs were employees of defendants

2. Defendants were employers of plaintiffs.

3. Plaintiffs were paid a daily or weekly rate.

   <u>Issues to tried</u>

4. Whether plaintiffs worked over forty hours per week

5. Whether plaintiffs worked for the periods of time stated in the complaint for defendants

6. Whether plaintiffs worked more than ten hours in a workday and whether plaintiffs were not paid spread of hours.

7. Whether defendants provided plaintiff's with a proper wage notice

8. Whether defendants were given at time of employment a wage notice.

9. Whether defendants violated 26. S Code 7434

10. Whether defendants unlawfully retaliated against plaintiff Harold Ventura.

11. Whether defendants improperly retained tips or had improper tip pooling.

V. STATEMENT AS TO MANNER OF TRIAL.

Defendants request trial by jury. Defendants do not consent to a bench trial or trial by Magistrate. Defendants estimate that they will need no more than five days to present their case at trial.

VI STIPULATED FACTS AND LAW

1. George Bouzalas owned and operated a restaurant known as Davinci's Restaurant and Lounge located at 118 Long Beach Road, Island Park, N.Y 11558 only from 2014 to August 26, 2019

2. Christina Bouzalas owned and operated a restaurant known as Davinci's Restaurant and Lounge located at 118 Long Beach Road, Island Park, N.Y 11558 from 2014 to August 26, 2019.

3. Jose Bonilla owned and operated a restaurant known as Davinci's Restaurant and Lounge located at 118 Long Beach Road, Island Park, N.Y from 2014 to August 26, 2014.

4. Javed Ali owns and operates a restaurant known as Davinci's Restaurant and Lounge located at 118 Long Beach Road, Island Park, NY 11558 from August 26, 2019 to present

NAMES OF POTENTIAL WITNESSES AND TESTIMONY

1. George Bouzalas-will testify as to operation of the business, hours actually worked by plaintiffs, wages actually paid to plaintiffs who were employed at time the defendant

operated and owned the restaurant. Testimony regarding any relevant evidence as to plaintiff's claims in complaint.

2. Jose Bonilla- will testify as to operation of the business, hours actually worked by plaintiffs, wages actually paid to plaintiffs who were employed at time the defendant operated and owned the restaurant. Testimony regarding any relevant evidence as to plaintiff's claims in complaint. Will testify as to communications with plaintiffs during alleged claims of time worked by plaintiffs for defendant during such ownership period and an relevant period after.

3. Christina Bouzalas- will testify as to operation of the business, hours actually worked by plaintiffs, wages actually paid to plaintiffs who were employed at time the defendant operated and owned the restaurant. Testimony regarding any relevant refutation evidence as to plaintiff's claims in complaint.

4. Javed Ali- will testify as to operation of the business, hours actually worked by plaintiffs, wages actually paid to plaintiffs who were employed at time the defendant operated and owned the restaurant. Testimony regarding any relevant refutation evidence as to plaintiff's claims in complaint.

5. Michael Mistretta- non party witness who will testify that Noel Baquedano worked for his restaurant Frantoni's Pizza from July 2018 to January 2019.

6. Jimmy Ochoa-Non party witness-former employee of Davinci who will testify that Harold Ventura did not work for defendants from 2016 to August 26, 2019

7. Celso Lopez- Non party witness-former employee of Davinci who will testify that Harold Ventura did not work for defendants from 2016 to August 26, 2019.

8. Michael Mahoney- Non party witness-former employee of Davinci who will testify that Harold Ventura did not work for defendants from 2016 to August 26, 2019

9. Dana Delgado- Non party witness-former employee of Davinci who will testify that Harold Ventura did not work for defendants from 2016 to August 26, 2019

10. Gina Tambourouli- Non party witness-former employee of Davinci who will testify that Harold Ventura did not work for defendants from 2016 to August 26, 2019

11. Nadir A. Chavarria-non-party who will testify that he worked as a cook at Mama Ginas restaurant located at 104 East Merrick Road from 2009 to 2021 and that Harold Ventura worked as cook with him as a full time employee from January 2019 until April 2020.

<u>DEPOSITION TESTIMONY TO BE OFFERED</u>

1. Selected Deposition testimony of plaintiffs to be used a trial or of any non-party witness stated herein if deposed.

<u>EXHIBITS TO BE OFFERED AT TRIAL</u>

1. All handwritten paysheets or records of hours worked by plaintiff's kept by defendants showing week ending dates of employment with hours for each day of the week for each week.

2. Affidavits of all non-party witness for defendants as described herein

3. Paystubs for Noel Ramirez aka Noel Baquedano showing employment at Frantoni's restaurant from July 2018 to January 2019.

4. Plaintiff's Complaint

5. All Plaintiff's responses to interrogatories

6. Plaintiffs deposition testimony

7. Employee handbook for Davinci's Resturant

8. Picture of plaintiff Noel Baquedano playing soccer.

9. Facebook posts by plaintiff's regarding lawsuit.

<u>EXHIBITS OBJECTED TO BY DEFENDANTS</u>

1.   Bell Boulevard Delights Tax Returns for 2017, 2018, 2019

2.   LB PIZZA LLC 2020 Taxes

3.   Bell Boulevard Delights Corp. NYS 45 Returns 2018, 2019

4.   NYS 45 Blank.

Dated: November   ,2022

Richmond Hill,  New York 11419

Respectfully submitted

_____s/s  Stephen C. Dachetra

Stephen C. Dachtera Esq.

Attorney for Defendants Christina Bouzalas

101-05 Lefferts Boulevard

Richmond Hill, N.Y 11419

718-849-7272