## STEPHEN C. DACHTERA ESQ.

## ATTORNEY AT LAW

## 101-05 LEFFERTS BOULEVARD

## RICHMOND HILL, N.Y

## 718-849-7272

December 22, 2022
Via ECF
Judge Gary Brown
United States District Court
Eastern District
225 Cadman Plaza East
Brooklyn, New York 11201

Case No:  20:Cv:5380
Caption: Gutierrez v. Davinci et al.
RE: Pre-Motion letter pursuant to FRCP Rule 12

Dear Judge Brown

This office represents the defendants Javed Ali, ABC Corp d/b/a as Davinci's Restaurant and Lounge in this action. This letter shall herein serve as defendant's request for leave to file a motion to dismiss the Third Amended Complaint pursuant to Rule 12(c) . This request is in conjunction with defendants Christina Bouzalas, George Bouzalas and Jose Bonilla's request for the same or similar relief filed with this Court requesting dismissal pursuant to Rule 12 (c) regarding plaintiff's 2nd, 5th $6^{th,}$ 7th and 8th causes of action as stated in the Third Amended Complaint.

**I** **This Court based on the facts alleged in the complaint does not have jurisdiction over plaintiff's NYLL 195 (1), (3) claims and NYLL 198 claim**.

This Court has ruled that a failure to allege specific damages or injuries related to wage statement violations deprives the court of jurisdiction over the claims. Sevilla v. House of Salads One LLC U.S District Lexis 58496(E.D.N.Y 2022), also *Wang v. XBB, Inc.* 2022 WL 912592,(E.D.N.Y. Mar. 29, 2022). In this case there is no allegation in the complaint that plaintiffs suffered any distinct injury or damage from the alleged violations sufficient to confer standing.

**II** **Based on the facts alleged in the complaint plaintiff has failed to sustain a claim under 26 U.S.C 7434**.

The basis for a 7434 claim is an injury to a prospective plaintiff based on a

improper filing of a return with respect to payments made to any other person. Implicit in this statutory framework and this court's precedent on this statute is the fact that a plaintiff must have been given a wage statement or information return for an action to brought based on a fraudulent filing of such a statement. In this case plaintiff alleges that plaintiffs were paid in entirely in cash and were not provided paystubs. Therefore plaintiff has no cause of action under 26 U.S.C 7434. Munn v. APF Management Co. LLC 2020 U.S Dist. Lexis 412215 (E.D.N.Y 2022)

### III Plaintiffs cause of action for failure to failure to pay minimum wage pursuant to NYLL 650, 651 must be dismissed.

Plaintiffs complaint states that plaintiffs were all allegedly paid between 650-700 per week for allegedly 66 hours of work. As this Court is keenly aware when a daily wage is alleged the hourly rate is compiled pursuant to the statute by dividing the daily rate by the a forty hour work worked. In this case taking the lowest daily rate alleged 650 per week yields an hourly rate of 650/40=$16.25 per hour. This is clearly above the NY State and Federal minimum wage for the periods alleged in the complaint which are the years 2017-2020.

### IV Plaintiffs cause of action for improper tip pooling has no basis to sustain the claim based on the facts alleged in the complaint.

Plaintiff in its third amended complaint claims that defendants engaged in improper tip pooling and retention pursuant to NYLL 196-d. Aside from the fact that the complaint alleges that plaintiffs worked for a car wash there is no allegation in the complaint that plaintiff received any tips from any of the defendants. The plaintiffs were allegedly cooks and dishwashers for the defendants. This claims should be dismissed entirely.

### V Plaintiff's Cause of Action for retaliation should be dismissed

Plaintiff claims that defendants violated FLSA 215(3). A plaintiff alleging retaliation under FLSA must first establish a prima facie case of retaliation by showing (1) participation in protected activity known to the defendant (2) an employment action disadvantaging the plaintiff; and (3) a causal connection between the protected activity and the adverse employment action. Mullins v. City of New York, 626 F.3d 47, 53 (2d Cir. 2010).The complaint alleges that defendants allegedly retaliated against only one plaintiff Harold Ventura, through intimidation and coercion by repeatedly calling him to drop the case against the defendants . This alleged intimidation was after Harold no longer worked for defendants and there is no allegation that Harold was terminated due to any complaint he filed during his employment or that he suffered any adverse conditions during his employment. There is also no allegations as to what damages he sustained as result of defendant's conduct which allegedly occurred after he voluntarily left his employment. The plaintiff does not state at all what adverse effect he sustained as a result of the conduct.  The statute was primarily meant to protect employees while in the workplace, and while post employment actions by an employer may give rise to a retaliation claim in certain instances, in this case the plaintiff had left his employment when these alleged acts occurred and there is no allegation of what specific damages the plaintiff suffered. Therefore based on these facts in plaintiff's pleading a claim cannot be sustained pursuant to FLSA 215(3) or NYLL 215

*signature*

Stephen C. Dachtera Esq.
Attorneys for Defendants Javed
Ali, Abc Corp, d/b/a Davinci
101-05 Lefferts Boulevard
Richmond Hill, N. Y 11419
718-849-7272